## CALHOUN v. MOSLEY.

114 641;
118 629

1. Whether one absolutely non compos mentis can or can not, in his own name, bring and maintain an action, one who, though very weak in mind, has enough capacity to understand the nature of a particular cause of action and will enough to desire to bring suit thereon may do so, without a next friend or guardian. Taking all the allegations of the present petition together, the plaintiff was entitled to be treated as falling within the class last above indicated.

114 641
120 251
114 641
124 841

2. Grounds of special demurrer to a petition are not good unless set forth in writing and filed at the first term.
3. A material amendment to a petition opens the case, if in default, for answer by the defendant. The allowance, at the trial term, of the amendment to the plaintiff's petition in the present case, the same being material, entitled the defendant to file an answer, and the court erred in refusing to permit him to do so.

Submitted January 8, — Decided February 5, 1902.

Equitable petition. Before Judge Roberts. Montgomery superior court. April 24, 1901.

*Daniel & Parrish*, for plaintiff in error.

FISH, J. Tony Mosley brought his action against John B. Calhoun, to set aside and cancel two deeds purporting to have been executed by the plaintiff to the defendant. No demurrer or answer was filed at the first term. At the trial term the defendant orally demurred to the petition, and the demurrer was overruled. The plaintiff then amended his petition; whereupon the defendant offered to answer the same, which the court refused to permit him

to do. The deeds being introduced in evidence by the plaintiff, the court directed a verdict in his behalf. The defendant excepted to the rulings of the court, overruling his demurrer, refusing to permit him to answer, and directing the verdict.

1. One of the grounds of the demurrer to the petition was, "that it showed that the plaintiff was non compos mentis, and hence incapable of instituting and maintaining a suit, and said suit should have been by next friend or guardian." The second paragraph of the petition was as follows: "Petitioner further shows that he is now very old and feeble, and that his mind is so affected by old age that he has not sufficient mental capacity to transact business or make valid contracts, and that his mind has been so affected for ten or more years last past." The third paragraph was: "Plaintiff shows that, while his mind is so affected as aforesaid, his memory is sufficiently strong to enable him to remember that he has never at any time intentionally sold and conveyed John B. Calhoun any of petitioner's said lands; and plaintiff so alleges." In the view which we take of the case, it is unnecessary to decide whether or not one absolutely non compos mentis can, in his own name, bring and maintain an action. There was no demurrer to the plaintiff's petition on the ground of duplicity, and the question of the mental capacity of the plaintiff must be determined in the light of all of its allegations in reference to that subject. Construing all the allegations in both of the quoted paragraphs of the petition together, it can readily be held that the plaintiff, though very weak in mind, had enough mental capacity to understand the nature of his cause of action and sufficient will to desire to bring suit thereon, which, in any view of the legal question above indicated, would enable him to bring such suit without a next friend or guardian. In this connection see Menz *v*. Beebe, 95 Wis. 383. Therefore, whether the demurrer was in time or not, there was no error in overruling it.

2. Another ground of the oral demurrer to the plaintiff's petition was, "that, said suit being based upon certain alleged fraud on the part of the defendant in procuring said deeds, the allegations of fraud were too meager, vague, loose, and indefinite to support an action of any kind, being simply naked allegations of fraud, and no facts stated in the petition to constitute fraud." This may have been a good ground for special written demurrer, timely filed, but

certainly could not be considered meritorious in what amounted to a mere oral motion to dismiss plaintiff's petition made at the trial term. Civil Code, §§ 5045, 5047; *James* v. *Atlanta St. R. Co.*, 90 *Ga.* 695; *Western Union Telegraph Co.* v. *Jenkins*, 101 *Ga.* 725; *South Carolina & Georgia R. Co.* v. *Augusta Southern R. Co.*, 111 *Ga.* 420 (5); *Williams* v. *Lancaster*, 113 *Ga.* 1020 (6).

3. The original petition alleged that the deeds sought to be canceled were dated April 24, 1896, and, together, conveyed 100 acres of land; the amendment to the petition alleged that they were dated September 28, 1896, and conveyed 300 acres of land. It is clear, we think, that the amendment materially changed the petition; and it is well settled that a material amendment to a petition opens the case, even if in default, for answer by the defendant. Civil Code, § 5068; *Griffin* v. *Augusta & Knoxville Railroad*, 72 *Ga.* 423. It follows that the court erred in refusing to permit the defendant to answer the petition as amended.

*Judgment reversed. All the Justices concurring.*