## 1998.   NEWS PUBLISHING COMPANY *v.* LOWE.

The sustaining of a special demurrer to a plaintiff's petition does not ipso facto work a dismissal of the petition, although judgment has been entered thereon and no amendment has been offered, where the order does not require that the plaintiff shall amend the petition, under the penalty of dismissal in case the amendment shall not be filed. And where the court, in its discretion, allows an amendment, meeting the defect pointed out by the special demurrer, the petition should not be dismissed.

DECIDED APRIL 6, 1910.

Action for libel; from city court of Brunswick—Judge Krauss. May 22, 1909.

Submitted October 26, 1909.—Decided April 6, 1910.

*Ernest Dart,* for plaintiff in error.   *F. H. Harris,* contra.

RUSSELL, J. This was an action for libel. The petition was demurred to, upon the grounds, among others, that two distinct causes of action were set forth in the same count, and that the claim or complaint was not set forth in distinct and orderly paragraphs. The judge passed the following order: "Upon consid-

eration of the within demurrer, it is ordered by the court that the grounds of general demurrer are overruled and denied, upon all of the grounds therein stated; further ordered that the grounds of special demurrer are overruled, excepting the 13th and 14th grounds of said special demurrer, which said two grounds are hereby sustained." Thereupon the plaintiff offered an amendment striking all of the original petition after the 11th paragraph, and inserting, in lieu thereof, new paragraphs 12 and 13 of a first count, and also inserting a second count, in which it is alleged that a second publication made by the defendant was libelous. The amendment was allowed, over the defendant's objection. The defendant insisted, that the court was without authority to allow the amendment, because the judgment sustaining the demurrer was practically a dismissal, and the only additional act necessary to complete the record and put the plaintiff out of court (if anything was needed) was that the case be stricken from the docket. The only question, therefore, presented by the record is whether the court erred in allowing the amendment and in holding that the petition set forth a cause of action, although in a defective manner. This question must be answered by determining first the nature of the demurrer. We think the demurrer was only a special demurrer. Under the rule announced in the cases of *Murphy* v. *Peabody,* 63 *Ga.* 524, and *Ellison* v. *Georgia R. Co.,* 87 *Ga.* 691 (13 S. E. 809), even if this demurrer were sustained, the action would survive, subject to such curative treatment as the court might direct. The fact that the plaintiff had two causes of action in a second count in his petition would not prevent him from striking one of them and proceeding with the other, nor prevent him from proceeding on both by proper amendment, alleging each libel distinctly in a separate count, and separately asking damages for each. Plainly, the motion to comply with the requirement of the Neal act (Civil Code, § 4961), that the plaintiff's cause of action shall be set forth in distinct and orderly paragraphs, relates merely to a structural defect. Both of the defects pointed out by the demurrer were defects of form,—defects merely in the structure of the petition. The court had the right to require an amendment to be made in conformity with its judgment upon the demurrer, and to dismiss the action if the direction to amend was not obeyed; but this would

not prevent the plaintiff from offering, on his own motion, such an amendment as the court might have directed; and after allowance of the amendment, the defendant would have no right to complain; because the essential purpose of a special demurrer is to compel amendment, and the plaintiff amended as required. There was no error in refusing to dismiss the petition.

*Judgment affirmed.*