HODGINS v. BINGHAM.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. PLEADING (§ 8*)—CONCLUSION—DAMAGES.

    In an action for damages, a general allegation that plaintiff has suffered damage to a certain amount without the statement of any facts from which it can be determined that plaintiff has sustained damage is insufficient.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 13; Dec. Dig. § 8.*]

2. MUNICIPAL CORPORATIONS (§ 181*)—APPOINTMENT AND PROMOTION OF POLICE CAPTAINS—LIABILITY OF POLICE COMMISSIONER.

    A complaint by a police captain against a police commissioner of the city of New York, which alleged that, according to the rules of the police

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

commission, defendant was required to keep a record as to the efficiency of police captains, and to certify the same to the commission in advance of examinations for promotion, and that defendant "wantonly, willfully, maliciously, and untruthfully" certified to the police commission, concerning plaintiff, "On his (plaintiff's) record—poor; has not the qualities for inspector's command; stupid," to plaintiff's damage in a stated' sum, did not state a cause of action, since the police commission was; not bound by the facts stated in the certificate, and it was merely the· expression of the defendant's opinion as to plaintiff's qualifications.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 181.*]

3. PLEADING (§ 8*)—CONCLUSIONS.

In an action by a police captain against a police commissioner of the· city of New York to recover damages for a false certification of plaintiff's qualifications in · advance of an examination for promotion, an allegation that, by reason of the falsity of the certificate, the police commission gave plaintiff a rating lower than it otherwise would have given him, was a mere conclusion 'of the pleader.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 13; Dec. Dig. § 8.*]

4. MUNICIPAL CORPORATIONS (§ 184*)—POLICE DEPARTMENT—CIVIL SERVICE RULE.

The mere fact that a police captain of the city of New York is rated higher under the civil service rules than other applicants for promotion does not in and of itself entitle him to priority of appointment.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 184.*]

5. LIBEL AND SLANDER (§ 80*)—FALSE CERTIFICATIONS BY POLICE COMMISSIONER.

Such complaint did not state the cause of action for libel.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 80.*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by William E. Hodgins against Theodore A. Bingham. Defendant's demurrer to the complaint was overruled, and he appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

John McG. Goodale, for appellant.
A. S. Gilbert, for respondent.

McLAUGHLIN, J. The defendant demurred to the complaint upon the ground that the facts stated did not constitute a cause of · action. The demurrer was overruled, and he appeals from the· interlocutory judgment.

It is somewhat difficult to determine just what the plaintiff's counsel conceives to be the character of the action. The allegations of the complaint would seem to indicate that it was to recover damages for a libel, while the brief presented by him indicates that it is to recover damages for "misfeasance or nonfeasance of a public officer." However, it is not very important, because in either case I do not think the complaint states a cause of action. It alleges, in substance: That the plaintiff was, a police captain in the police department of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the city of New York, and as such, in December, 1906, was a candidate for promotion to the office of inspector of police. That at that time the defendant was the police commissioner. That, in order to become an inspector, it was necessary for the plaintiff to enter a competitive examination held by the municipal civil service commission. That the commission, in order to enable it to properly hold such examination, adopted certain rules and regulations with reference to the rating of police captains. That pursuant to one of these rules and regulations, or some provisions thereof, it was the duty of the defendant, as police commissioner, to keep a record of the efficiency, character, and conduct of the plaintiff as a member of the police force, which should be known as the efficiency record. That such rules and regulations further provided that, prior to an examination for promotion of members of the police force, it was the duty of the defendant as police commissioner to furnish a true and correct certification of the efficiency record of each candidate for promotion. That another rule of the commission provided that the subject of rating and the relative weight thereof, in any competitive promotion examination, was as follows:

"For comparative conduct, seniority and efficiency in previous service as may be determined from the transcript of the efficiency record (or as may be otherwise determined under paragraph eight of this rule), ❋ ❋ ❋ 50, and for written papers on pertinent subjects, 50."

That on or about the 31st of December, 1906, the municipal civil service commission held a competitive examination for promotion of captains of the police force to the rank of inspectors at which plaintiff was a candidate and took the examination. That, pursuant to the rules and regulations of the commission, the defendant, as police commissioner, certified to it in advance of the examination the efficiency record of this plaintiff, and that:

"The defendant, in spite of the previous good record of the plaintiff as stated in said certification, did thereupon, in addition to the aforesaid, wantonly, willfully, maliciously, and untruthfully certify ❋ ❋ ❋ concerning the plaintiff and of his record the following: 'On his record, poor; has not the qualities for inspector's command; stupid.'"

That such additional statements were untrue, and by reason of that fact the commission gave the plaintiff a rating lower than it otherwise would have given him. That, had he received the rating which except for such additional statements he would have received, he would have been promoted to the rank of inspector and received by reason thereof additional compensation. That to the extent of such additional compensation plaintiff had been damaged in the sum of $100,000, for which judgment was demanded.

The complaint will be searched in vain for the allegation of any facts from which it can be said that the plaintiff has sustained any damage whatever, other than the pleader's conclusion on that subject. The defendant certified to the commission the plaintiff's record; that is, the efficiency record required by the rules and regulations. No complaint is made in this respect, but the allegation is that the commissioner, "in addition" thereto, certified that the plaintiff was stupid,

on his record, poor, and that he did not have the qualities to make a good inspector. This was but the expression of the opinion of the defendant as police commissioner, and could not have been otherwise understood by the commission, because it had before it the efficiency record which indicated his efficiency, character, and conduct so far as the same were evidenced by what he had actually done while on the police force. If anything were omitted from this efficiency record which ought to have been included by the defendant, then the plaintiff has failed to set the same forth in his complaint. But the commission was not bound by such record. It might otherwise determine the plaintiff's efficiency, as provided in paragraph 8 of the rule relating to that subject. It had a perfect right to ask the defendant what his opinion was, and he could give it. To what extent the commission should rely on his opinion was entirely for it to determine, and in this connection it is to be noted there are no allegations in the complaint, other than the conclusions of the pleader, from which it can be determined to what extent, if any, the commission was influenced by the opinion expressed.

Then, too, had the plaintiff received a higher rating than he did, it does not follow that he would have been appointed an inspector. He would have been eligible for appointment, but whether he would have actually been appointed is entirely speculative. The fact that a person is rated highest under the civil service does not in and of itself entitle him to an appointment. People ex rel. Balcom v. Mosher, 163 N. Y. 32, 57 N. E. 88, 79 Am. St. Rep. 552; People ex rel. Baldwin v. McAdoo, 110 App. Div. 432, 96 N. Y. Supp. 362.

It seems to me, therefore, that whether the action be considered as one to recover damages for a libel or for misfeasance or nonfeasance of a public officer, the same conclusion follows: The complaint in either case fails to state facts sufficient to constitute a cause of action.

The interlocutory judgment appealed from therefore is reversed, with costs and the demurrer sustained with costs, with leave to the plaintiff to serve an amended complaint on payment of the costs in this court and in the court below.

INGRAHAM, P. J., and McLAUGHLIN and MILLER, JJ., concur.

DOWLING, J. I dissent. In my opinion a good cause of action in libel is set forth in the complaint herein.