WHITE *v.* LITTLE *et al.,* executors.

HANSON *v.* LITTLE *et al.,* executors.

FISH, C. J. 1. In the case first above named, in view of the provisions of the will and codicils, and of the allegations of the caveat, there was no error in sustaining the demurrer to the latter and dismissing it.

2. There was no error in rejecting the amendments offered to the original caveat.

(*a*) Where an amendment to pleadings is allowed and error is assigned thereon, it is necessary to show what objection was made to such allowance, so as to determine what points were raised and decided in the trial court. Otherwise one objection might be made there and overruled, and in this court an entirely different objection might be

urged, and a reversal obtained upon a question never raised or decided in that court. *McCowan* v. *Brooks*, 113 *Ga.* 533 (4), 536 (39 S. E. 115).

(b) Where error is assigned on the refusal to allow an amendment, this reason does not apply with the same force. The burden of showing error rests on the excepting party. If he excepts to the refusal to allow an amendment, and does not show the ground or grounds of objection made to it in the trial court, the refusal to allow it will not be held to be error if its rejection appears proper for any reason. The presumption will be that the trial court rejected it for a proper reason, if there is one.

3. If a special demurrer is urged to a petition, or other pleading, already of file, attacking only certain parts of it, and is sustained, the result is to eliminate the parts so held bad.

4. If an amendment to pleadings is offered to the court for the purpose of being allowed and filed, which contains a few proper allegations, and many that are improper and should not be allowed to go before the jury, and on objection the improper allegations are pointed out and ruled to be such, if the party proposing the amendment is unwilling to eliminate the improper allegations or to offer an amendment without them, but insists on the amendment as a whole, the court is not required to allow the amendment to be filed.

(a) This rule is not to be used as a means of entrapping a pleader, so as to merely intimate or state that there is some allegation which ought not to be in a proposed amendment that is substantially proper, and thus leave him in the dark as to what allegation is held improper or necessary to eliminate before allowance.

(b) An amendment to a caveat to the propounding of a will was offered, which consisted in large part of improper allegations which should not have been allowed to be filed and sent out with the jury as a part of the pleadings; and such proposed amendment was rejected, and the bill of exceptions complaining of this ruling contained the following recital: "Counsel for propounders objected to the allowance of said amendment, and for ground of objection demurred orally to the same as a whole, and also to the several parts thereof, stating specifically their objections thereto. After argument had, the court refused to allow the said amendment to the original caveat in said cause; to which judgment of the court the defendant, the said Fannie Hanson White, then and there excepted and now excepts, and says that the court erred in refusing to allow the above and foregoing amendment filed as an amendment to the original caveat in said cause. The court stated orally that where an amendment contained a matter at the time that was good, but contained with it matter that was bad, the court would not allow the amendment filed. No offer was made to amend said proposed amendment except by offering the amendment next herein set out." The grounds of objection were not stated; nor did it appear that the party offering said amendment did not know which matter the court held good and which bad, or did not have ample opportunity to offer an amendment without the latter. *Held*, that the rejection of the amendment as a whole will not cause a reversal.

5. The rejection of the second amendment offered by the caveator does not furnish ground for a reversal, for like reasons.

6. A bill of exceptions set out the sustaining of a, demurrer to a caveat to the propounding of a will, and the rejection of two proposed amendments, and assigned error on each of the rulings. It then proceeded: "Be it further remembered that during the further progress of the cause the plaintiffs duly and legally proved by all the witnesses thereto the execution and publication of the will of the said J. F. Hanson and the codicils thereto, which was then and there propounded for probate; the defendant offering no testimony, and propounders then and there introduced said will and codicils in evidence; the court directed the jury to find a verdict in favor of the will and admitting the same to probate; to which judgment of the court, in so directing the jury to find a verdict in favor of the will and admitting the same to probate, the caveatrix, defendant, the said Mrs. Fannie Hanson White, then and there excepted and now excepts and assigns the same as error." *Held*, that in the absence of any brief of the evidence introduced, or any negation that there was evidence of testamentary capacity, and in the absence of any attack on the testamentary capacity of the testator in the caveat, or of any specific assignment of error on the ground that there was no evidence on that subject, this court will not reverse the direction of a verdict, because of the generality of description of the evidence as "duly and legally" proving execution and publication of the will.

7. The foregoing rulings in the case first above stated control the second.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 27, 1913.

Probate of will. Before Judge Pendleton. Fulton superior court. October 26, 1911.

*Guerry, Hall & Roberts,* for plaintiffs in error.

*Little & Powell, Payne & Jones, King & Spalding and Underwood,* and *John L. Hopkins & Sons,* contra.