23755. WATTS, administrator, *v.* RICH.

DECIDED JULY 11, 1934.

*J. M. Lang,* for plaintiff in error.
*J. H. Paschall, Henry L. Barnett,* contra.

MacIntyre, J. 1. A petition against an administrator of the estate of a named person, which alleges: that the plaintiff and her husband were asked by the intestate, an aged man who was sick with tuberculosis, to come to his house and live with him and take

care of him; that the plaintiff and her husband moved into his house and lived with him, buying the groceries and taking care of him; that plaintiff waited upon him, built his fires, cooked his meals, sometimes serving them to the intestate in bed, attended and cared for him when he was confined to his bed from sickness, and even nursed him, sometimes all during the night; that said work of attending to the intestate was tiresome, and dangerous on account of the disease he had, but plaintiff did so tenderly and carefully, meeting every need and want of the intestate; that the services plaintiff performed were satisfactory to the intestate; that the intestate had no relatives other than one brother, and was not on speaking terms with him; that no relatives of the intestate attended his funeral or made any arrangements therefor; that plaintiff attended the intestate from January 1, 1931, until his death on July 15, 1932, and that her services in this connection were reasonably worth $100 per month during 1931 and $150 monthly during 1932, the intestate being bedridden more during 1932, and consequently requiring more of the plaintiff's time to properly look after his needs and wants; that the estate of the intestate was solvent and he had no heirs except said brother; and that plaintiff is entitled to a judgment for the reasonable worth of her services, sets forth a cause of action against the estate of the intestate.

2. While a plaintiff is required to set out his cause of action in a full, complete, and definite manner, in order that the defendant may, without difficulty, understand the nature of the plaintiff's charge or demand, and make preparation to meet it (Civil Code, § 5538), this requirement is to be liberally construed (*Kemp* v. *Central &c. R. Co.*, 122 *Ga.* 559, 50 S. E. 465) ; and a plaintiff is not required to allege impossible particulars or unnecessary details (*Bittick* v. *Georgia &c. R. Co.*, 136 *Ga.* 138, 70 S. E. 106), nor is a plaintiff required to set forth in his petition the evidence relied on to make out his cause of action, it being sufficient if he alleges enough to inform the opposite party of the grounds of his action, and to enable the jury to find an intelligible and complete verdict, and enable the court to declare distinctly the law of the case. *Cedartown Cotton &c. Co.* v. *Miles*, 2 *Ga. App.* 79 (58 S. E. 289) ; *Wrightsville &c. R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (2), 377 (71 S. E. 691).

(*a*) Reasonable certainty as to essential statements is sufficient to enable pleadings to withstand a special demurrer. Complete particularity of statement is not required where a reasonable inference, from the statements made, readily suggests the facts. *Flint River R. Co.* v. *Maples,* 10 *Ga. App.* 573 (73 S. E. 957).

(*b*) Accordingly, the petition in this case was not demurrable because it did not allege, except in a general way, what the plaintiff did for deceased, did not sufficiently allege the period of time for which she performed these services, did not state with sufficient definiteness the exact times the deceased was confined to his home, then to his room, and then to his bed, because the dates of the nights plaintiff nursed the deceased all night were not set forth, because it was not set forth that any doctor attended the deceased, and, if so, the name of the doctor, because it was not alleged how many nights plaintiff sat up with the deceased, and because the contract between the deceased and plaintiff was not set forth with sufficient definiteness.

(*c*) The allegations of the petition that the intestate and his brother were not on speaking terms and that no relative of the deceased attended his funeral or made any arrangements therefor were immaterial and irrelevant. To these allegations the defendant demurred specially upon the ground that they were irrelevant, immaterial, prejudicial and harmful to the defendant, and were in no way germane to any issue raised by the petition, and should be stricken from the petition. The court passed an order sustaining the special demurrer and giving the plaintiff ten days in which to amend her petition to meet the same, else the petition to be dismissed. The plaintiff amended her petition to meet the special grounds of demurrer urged by the defendant, with the exception of those directed to the above allegations of the petition. The plaintiff did not amend her petition and strike therefrom the above allegations. The defendant filed a motion calling the attention of the court to the fact that the plaintiff had not amended her petition to meet said special demurrer, and praying that the petition be dismissed in accordance with the order of the court on the demurrer. The court overruled this motion, and the defendant excepted pendente lite to this judgment. It is plain that the above allegations are absolutely immaterial and irrelevant and have nothing to do with the issues raised by the petition in this

case. With these allegations stricken from the petition, the plaintiff would still have a cause of action left. Said allegations should have been stricken by the plaintiff by amendment, but even though the plaintiff did not amend her petition in accordance with the order of the court on the demurrer and strike therefrom said allegations, the trial judge would not have been justified in dismissing her petition. "The proper judgment on a special demurrer, going only to the meagerness of the allegations, is not a peremptory judgment of dismissal of the action, but a judgment requiring the plaintiff to amend and to make his petition more certain in the particulars wherein he has been delinquent; and then if he refuses to amend, the petition may be dismissed, if the delinquency relates to the entire cause of action. However, if the special demurrer goes only to some particular part of the petition, without which a valid cause of action would still be set forth, the result of finally sustaining the special demurrer would be, not to dismiss the action, but to strike the defective portion. This is also the proper course where the special demurrer attacks some particular portion of the pleading for irrelevancy or impertinence . . a judgment of dismissal of the entire petition should not follow; only these paragraphs should be ordered stricken." *McSwain* v. *Edge,* 6 *Ga. App.* 9, 11 (64 S. E. 116). See also *News Publishing Co.* v. *Lowe,* 8 *Ga. App.* 333, 334 (69 S. E. 128) ; *Chappell* v. *Western Railway of Alabama,* 8 *Ga. App.* 787, 789 (70 S. E. 208) ; *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96 (166 S. E. 673) ; *Wardlaw* v. *Executive Committee,* 47 *Ga. App.* 595 (3) (170 S. E. 830) ; *Blackwell* v. *Ramsey-Brisben Stone Co.,* 126 *Ga.* 812 (55 S. E. 968) ; *Smith* v. *Bugg,* 35 *Ga. App.* 317 (133 S. E. 49). Under the evidence in this case and the issues made by the pleadings, the failure of the court to order such allegations stricken from the petition of the plaintiff is not cause for the grant of a new trial. Such allegations could hardly have been considered by the jury on the issue whether the plaintiff·performed the services alleged at the instance of the deceased, and upon the issue as to the reasonable value of such services.

3. Except in case of near relatives, when one renders services to another which the latter accepts, a promise to pay the reasonable value thereof is generally implied. This was a suit against an administrator to recover the value of board and services furnished by

the plaintiff to the intestate during his lifetime. There was no kindred relationship between the parties. The petition in this case, properly construed, sought a recovery on a quantum meruit for the reasonable value of the services rendered by the plaintiff, the agreement between the deceased and the plaintiff and her husband being alleged by way of inducement merely. Civil Code (1910), § 5513; *Moore* v. *Smith,* 121 *Ga.* 479 (49 S. E. 601); *Cooney* v. *Foote,* 15 *Ga. App.* 455 (3), 457 (83 S. E. 896); *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (5) (128 S. E. 812); *Strahley* v. *Hendricks,* 40 *Ga. App.* 571 (150 S. E. 561); *G., F. & A. R. Co.* v. *Purviance,* 42 *Ga. App.* 519 (156 S. E. 731).

4. This being a suit on a quantum meruit, evidence that the intestate had stated that he did not want the plaintiff to leave his house, that he would not have a home if she left, that plaintiff would have his home and everything he had, that he intended that the plaintiff have what he had, and that plaintiff and her family were the only family that lived with him that he could get along with, was relevant for the purpose of showing that the services and other things received were not intended to be accepted by the intestate as a gratuity, but that there was an implied promise to pay for them. *Neal* v. *Stanley,* 17 *Ga. App.* 502 (2 *a*) (87 S. E. 718); *Banks* v. *Howard,* 117 *Ga.* 94 (2) (43 S. E. 438); *Phinazee* v. *Bunn,* 123 *Ga.* 230 (51 S. E. 300); *Howard* v. *Randolph,* 134 *Ga.* 691 (4) (68 S. E. 586, 29 L. R. A. (N. S.) 294, 20 Ann. Cas. 392); *Strahley* v. *Hendricks,* supra.

5. There was competent evidence tending to establish the allegations of plaintiff's petition, and the verdict in her favor is not contrary to law, contrary to the evidence, and without evidence to support it; and there being no merit in any of the special grounds of the motion for a new trial, the trial judge did not err in overruling the same.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. To the petition the defendant interposed a demurrer containing two general and six special grounds. Upon the hearing of the demurrer, the court passed an order sustaining all the special grounds of the demurrer and requiring the plaintiff "to amend within ten days to meet criticisms of same, or else petition is dismissed. Judgment reserved on general demur-

rer." No exception to this order was filed, and, therefore, whether the adjudication were right or wrong, it became *the law of the case* that the petition was subject to all the special grounds of demurrer interposed, and that the suit should stand dismissed unless the plaintiff, within ten days, should file an amendment to her petition which would cure *all* the defects therein pointed out by special demurrer. Within ten days the plaintiff filed an amendment which met some of the special grounds of demurrer, but which did not even attempt to cure the defects pointed out by others, and which, therefore, obviously, did not comply with the order of the court. In due time, counsel for the defendant filed a written motion, reciting the foregoing order of the court, and alleging that the amendment did not comply with the order, and praying "that the court pass an order adjudicating that said amendment does not comply with the former order of the court, and does not meet the criticisms of demurrer to plaintiff's petition, and adjudicating that the petition in this case stands dismissed." This motion was overruled, and the defendant excepted pendente lite and assigned error thereon in the bill of exceptions. In my opinion, the court erred in denying the motion, and that error rendered the further proceedings in the case nugatory.