## 25265.   LONGINO v. MOORE et al.

JENKINS, P. J.   It is a well-established general rule that "where two or more persons or corporations, acting independently, without concert, plan, or other agreement, inflict a damage or cause an injury to another person, the persons inflicting the damage are not jointly liable therefor, but each is liable for his proportion only of the damages, and in such case a joint action against them can not be maintained."   But it is also true that even though voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several persons combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred; and there can be a recovery against all or any one of the responsible parties.   *Searce* v. *Gainesville,* 33 *Ga. App.* 411 (3) (126 S. E. 883), and cit., distinguishing *Kelly* v. *Ga. Ry. & Power Co.,* 24 *Ga. App.* 439 (4) (101 S. E. 401). In such a case, the fact that "the degree of care owed to the complainant by both parties defendant be not the same" will not operate to defeat a joint action.   *Gooch* v. *Ga. Marble Co.,* 151 *Ga.* 462 (107 S. E. 47). Accordingly, in a suit by a guest in an automobile, brought jointly

against the driver of the car in which he was riding and the driver of another automobile, on account of injuries sustained in a collision of the cars at a junction where a highway on which the second car was traveling united with the highway on which the car occupied by the plaintiff was traveling, and where the view from both automobiles was obscured by an embankment, the fact that the defendant host may be charged with having contributed to the injury by reason of being guilty of gross negligence does not necessarily imply that the exercise of even slight care by the host would have avoided the injury, with the result that such gross negligence necessarily constituted the sole and proximate cause thereof. Such an allegation of gross negligence on the part of the host, whose negligence would not be imputable to the guest, would not debar the guest from a right to recover, if the injury was brought about by the joint operation of gross negligence by the host and lack of ordinary care by the other defendant, combining naturally and directly to produce the single injury, provided the plaintiff guest exercised the degree of ordinary care incumbent upon him. *McGinnis* v. *Shaw*, 46 *Ga. App.* 248 (167 S. E. 533), and cit. Where in the instant case acts of ordinary negligence were sufficiently charged against the other defendant, the fact that the petition showed that the host driver was traveling at sixty miles an hour while the other defendant, who had the right of way at the blind intersection, was traveling at thirty, and that the plaintiff was asleep at the time of the collision, would not, as a matter of law, preclude the plaintiff from a recovery; but all of such questions, including the question whether the plaintiff, though asleep, and though the alleged negligence of his host was not imputable to him, exercised the care which the jury might find that a person of ordinary prudence would and should have exercised under the facts and circumstances attending the collision, would be questions of fact for the jury. See *Eddleman* v. *Askew*, 50 *Ga. App.* 540 (2, 3) (179 S. E. 247); *Bonner* v. *Standard Oil Co.*, 22 *Ga. App.* 532, 535 (96 S. E. 573); *Southern Cotton-Oil Co.* v. *Wallace*, 27 *Ga. App.* 415, 416 (108 S. E. 624); *Howard* v. *Ga. Ry. &c. Co.*, 35 *Ga. App.* 273 (133 S. E. 57). Under the preceding rulings, it was error to dismiss the petition as against the driver of the second automobile, upon his demurrer based on the grounds that there was a misjoinder of defendants, that the petition showed on its face that such defendant had the right of way, that the injury was caused solely by the negligence of the driver of the car in which the plaintiff was riding, and that there was no liability on the part of the demurring defendant.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 9, 1936.

*W. S. Northcutt, S. J. Boykin,* for plaintiff.
*Willis Smith, Sidney Smith,* for defendants.