26277. ELLIOTT *v.* ORANGE CRUSH BOTTLING CO.

DECIDED JULY 29, 1937.

*Harwell & Barrett, A. Walton Nall,* for plaintiff.
*Winfield P. Jones,* for defendant.

GUERRY, J. ■ On February 11, 1937, the court sustained certain special demurrers to the petition, and passed the following order: "The plaintiff is allowed fifteen days in which to amend as herein required; in default of which the case will stand as dismissed." No amendment was offered. Subsequently to the fifteen-day period a bill of exceptions was filed, in which error was assigned on said order. The bill of exceptions contains no other assignment of error. The defendant in error made a motion to dismiss the writ of error, on the ground that no exception therein was taken to any final judgment, but only on rulings on special demurrers to the petition. Under the ruling in *Smith* v. *Albright-England Co.,* 171 *Ga.* 544 (156 S. E. 313), and *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670), the motion to dismiss is denied.

■ The general demurrer to the petition was specifically overruled. However, as shown above, the court held that if the plaintiff failed to amend the petition within fifteen days, so as to meet the special demurrers which were sustained, "the case will stand as dismissed;" and no amendments were offered. Omitting formal parts, and the paragraphs which were stricken on special demurrer and which were not amended, the petition is as follows: "2. Defendant has injured and damaged petitioner in the sum of $25,000, for that your petitioner avers: 3. Among other things, the defendant is engaged in the manufacture, bottling, and distribution for sale at retail of a soft drink commonly known as Orange Crush. 4. Petitioner shows that defendant, among others, delivers, and on the date in this petition set forth and prior to the date set

forth did deliver, sealed bottles of Orange Crush to the place of business known as Felker's Café, 682 Whitehall Street, in the City of Atlanta, Fulton County, Georgia. Petitioner shows that on February 19, 1935, he purchased from the said Felker's Café a bottle of Orange Crush manufactured and distributed by the defendant herein, and while in said place of business turned said bottle of Orange Crush up to his mouth and drank the same. 6. Petitioner shows that there were particles of crushed glass with sharp edges upon the same in said bottle of Orange Crush, and as he swallowed the same he felt something cutting his throat, and undertook to spit said Orange Crush from his mouth, but that he had already swallowed particles of glass, causing dangerous, painful, and permanent injuries as is hereinafter more fully set out. 8. Petitioner shows that prior to said accident he was strong, healthy, and well, and was working and earning and capable of earning, as a police officer of the City of Atlanta, the sum of $165 per month, or other large sum. 10. Petitioner shows that said defendant, in bottling said drink, did not wash the bottle, and left glass in the bottle [bottom] of the same. 11. Petitioner shows that in placing the cap on the bottles, in the regular machine designed to be used for that purpose, that a bottle was broken and the glass caught in the capping machine, and was then dropped in the bottle purchased by petitioner. 12. That petitioner did not know, at the time he drank said liquid, that it contained said particles of glass, as aforesaid. 14. That, as a consequence of drinking said Orange Crush as aforesaid, petitioner suffered a severe nervous shock. 15. That as a consequence of drinking said Orange Crush petitioner suffered great physical pain. 16. In and about the premises petitioner was wholly free from fault and negligence. 17. That the negligence of defendants, as herein alleged, was the proximate cause of petitioner's injuries. 18. That said bottle of Orange Crush which contained said particles of glass as aforesaid was one bottled by defendant and sold by defendant to Felker's Café to be sold by it to its patrons and to be drunk by them as a beverage. 19. That the defendant was negligent: (c) In that it used a dirty and unwashed bottle containing said particles of glass. (d) In that it sold and furnished to said Felker's Café said bottle containing said particles of glass, to be in turn sold by it to its patrons. (e)

In that it failed to inspect said bottle of Orange Crush before it left its bottling plant, and in that it failed to discover said particles of glass therein, and failed to prevent the same being sold to petitioner. 20. That on account of said injuries petitioner has had to incur and will have to incur in the future the sum of $250, or other large sums, for medical bills; for doctor's bills the sum of $750 or other large sum; and for hospital bills the sum of $500 or other large sums; said sums being reasonable and necessary in and about the treatment of petitioner's said injuries."

Conceding that the special demurrers to the petition were properly sustained, the delinquencies pointed out thereby did not relate to the entire cause of action, nor were the allegations called for by the special demurrers essential to the cause of action; and the remaining unstricken allegations of the petition did set out a cause of action. This being true, it was error for the judge to order that "the case will stand as dismissed" in default of the plaintiff amending within fifteen days; and especially so since he overruled the general demurrer, thus holding that the petition set out a cause of action. The general rule as to a special demurrer is: "If a special demurrer is urged to a petition, or other pleading, already of file, attacking only certain parts of it, and is sustained, the result is to eliminate *the parts so held bad.*" (Italics ours.) *White* v. *Little,* 139 *Ga.* 522 (3) (77 S. E. 646). And in *McSwain* v. *Edge,* 6 *Ga. App.* 9, 11 (64 S. E. 116), it was said: "The proper judgment on a special demurrer, going only to the meagerness of the allegations, is not a peremptory judgment of dismissal of the action, but a judgment requiring the plaintiff to amend and to make his petition more certain in the particulars wherein he has been delinquent; and then if he refuses to amend, the petition may be dismissed, *if the delinquency relates to the entire cause of action.* However, if the special demurrer goes only to some particular part of the petition, *without which a valid cause of action would still be set forth,* the result of finally sustaining the special demurrer would be, *not to dismiss the action,* but to strike the defective portion." (Italics ours.) See also *Watts* v. *Rich,* 49 *Ga. App.* 334, 337 (2-c) (175 S. E. 417), and cit.; *Moseley* v. *Equitable Life Assurance Society,* 49 *Ga. App.* 424 (3) (176 S. E. 87), and cit. Under the foregoing authorities and the pleadings in this

case, the court erred in ordering that in default of amendment "the case will stand as dismissed."

*Judgment reversed.    Broyles, C. J., and MacIntyre, J., concur.*