## 18777. Farmers & Merchants Bank of Manchester *v.* Gibson *et al.*

Mobley, Justice. 1. An oral motion to dismiss is the equivalent of a general demurrer, and the question therein is not whether any particular allegation has been defectively pleaded, but whether the petition in its entirety fails to set out a cause of action. *Minnesota Lumber Co.* v. *Hobbs & Livingston,* 122 *Ga.* 20 (1) (49 S. E. 783); *Capps* v. *Edwards,* 130 *Ga.* 146 (1) (60 S. E. 455); *Haynes* v. *Thrift Credit Union,* 192 *Ga.* 229 (2) (14 S. E. 2d 871); *Kanes* v. *Koutras,* 203 *Ga.* 570, 573 (47 S. E. 2d 558).

2. "A general demurrer does not raise questions as to multifariousness, duplicity, or misjoinder of causes of action, or as to nonjoinder or misjoinder of parties. As to such matters, a special demurrer is necessary." *Grant* v. *Hart,* 192 *Ga.* 153 (4) (14 S. E. 2d 860). See also *Greenwood* v. *Starr,* 174 *Ga.* 503 (1) (163 S. E. 500); *Hughes* v. *Cobb,* 195 *Ga.* 213 (1) (23 S. E. 2d 701); *Hall* v. *Browning,* 195 *Ga.* 423 (5) (24 S. E. 2d 392).

3. Grounds of special demurrer are not good unless set forth in writing and filed at the first term. *Calhoun* v. *Mosley,* 114 *Ga.* 641 (2) (40 S. E. 714); *Wood* v. *Wood,* 166 *Ga.* 519 (7) (143 S. E. 770). While the defendants in the present case filed written special demurrers, so far as appears from the record they were not passed upon by the trial court.

4. Since the passage of the Uniform Procedure Act, where a suit is filed in a superior court, which has general jurisdiction both in law and in equity, the petition should not be dismissed on general demurrer if it states a cause of action for either legal or equitable relief. *Pardue Medicine Co.* v. *Pardue,* 194 *Ga.* 516 (1) (22 S. E. 2d 143).

5. The allegations of the petition—to the effect, that the defendant husband, who was an insolvent debtor of the bank, executed a deed of gift conveying all of his property to his wife for the purpose of hindering and delaying creditors—were sufficient, as against demurrer, to set forth a cause of action for the relief prayed, and the trial court erred in striking the petition on oral motion of the defendants. *Echols* v. *Thompson,* 210 *Ga.* 37 (77 S. E. 2d 521).

*Judgment reversed. All the Justices concur.*

Submitted November 8, 1954—Decided January 10, 1955.

*Rayford D. Bulloch,* for plaintiff in error.
*George R. Jacob,* contra.