38474. CLOSE *et al.* v. MATSON.

CARLISLE, Judge. 1. The petition in this case, the same purporting to be an action for damages against Close and others alleged to have been joint tortfeasors, after setting forth the way and manner in which it is claimed Close's codefendant injured and damaged the plaintiff, and the nature and extent of the plaintiff's injuries, then purports to set forth the way and manner in which it is contended that Close injured and damaged the plaintiff, and as to these injuries it merely alleges that such acts on the part of Close caused "further injury to plaintiff." There are no other allegations in the petition setting forth the nature and extent of the plaintiff's injuries claimed to have been inflicted by the defendant Close. The bare allegation that the defendant Close's actions inflicted "further injury to plaintiff," is a bare conclusion unsupported by any facts alleged and is insufficient to support the cause of action against him. *Hearn v. Gower*, 1 Ga. App. 265 (2) (57 S. E. 916) ; Hodgins v. Bingham, 126 N.Y.S. 493 (1) (N. Y. Supreme Court, Appellate Div.). The trial court erred in overruling the general demurrers of the defendant Kenneth Close and of his wife, Mrs. Olga R. Close, who was sued as the owner of the family-purpose automobile being operated by Mr. Close. Such allegations as to the dam-

ages inflicted by Close were wholly insufficient to show that the plaintiff was injured and damaged to any extent by the negligent acts of the defendant Close alleged in the petition.

2. The petition in this case alleges that the car of the codefendant, Rape, collided with the rear of the plaintiff's automobile inflicting certain injuries upon her, and that immediately thereafter the automobile driven by the defendant Close collided with the rear of Rape's car and knocked it into the rear of the plaintiff's automobile inflicting further injury on the plaintiff. These allegations make a case of two separate and distinct torts inflicted upon the plaintiff in close proximity of time and space, but they do not show a concert of action on the part of Rape and Close, nor a single injury resulting from their separate acts, but the allegations show two separate and distinct torts inflicting separate and distinct injuries. Under such circumstances, the defendants named in the petition were not joint tortfeasors and could not be sued as such in one action, and the trial judge erred in overruling the special demurrer which properly raised the issue as to misjoinder of parties defendant. *Longino v. Moore*, 53 Ga. App. 674 (187 S. E. 203); 86 C. J. S. 951, Torts, § 35, and 953, § 37. The plaintiff, therefore, should be afforded an opportunity, if he so desires, to amend his petitition and to select which of the defendants he chooses to proceed against in this action.

*Judgment reversed with direction. Townsend, P. J., and Frankum, J., concur.*

DECIDED OCTOBER 27, 1960.

*J. Walter LeCraw*, for plaintiffs in error.
*James M. McDaniel, Greer, Henning & Morris*, contra.