38918. McDOUGAL v. JOHNSON, Administrator, *et al.*

DECIDED JULY 12, 1961—REHEARING DENIED JULY 27, 1961.

*Hicks & Henderson, Claud M. Hicks, G. Robert Howard, John S. Wood,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Greene, Neely, Buckley & DeRieux, John D. Jones,* contra.

EBERHARDT, Judge. Plaintiff in error, hereinafter referred to as plaintiff, complains of the grant of a nonsuit as to the defendants in error John Warren Allen and American Chain & Cable Co., hereinafter referred to as the defendant Allen. The defendants Allen and American Chain & Cable Co. did not except to the overruling of a general demurrer and various special demurrers, either by direct bill of exceptions after the ruling thereon or by cross-bill on this appeal. See *Code* § 6-701, as amended (Ga. L. 1957, pp. 229-232). The overruling of the demurrers being unexcepted to, it is established as the law of the case that the petition as drawn set forth a cause of action against all defendants. *Kelly v. Strouse & Bros.,* 116 Ga. 872 (7) (43 SE 280); *Bridges v. Brackett,* 208 Ga. 774 (1) (69 SE2d 745); *Copeland v. McElroy,* 49 Ga. App. 490, 491 (1) (176 SE 67); *Davidson v. Consolidated Quarries Corp.,* 99 Ga.

App. 359, 383 (108 SE2d 495); and *Harvill v. Swift & Co.*, 102 Ga. App. 543, 545 (117 SE2d 202); *Mason v. Hall*, 72 Ga. App. 867, 873 (35 SE2d 478); *Reeves v. Madray*, 101 Ga. App. 300, 302 (113 SE2d 651).

The case of *Close v. Matson*, 102 Ga. App. 663 (117 SE2d 251) is distinguishable from the one sub judice since that case was an appeal from rulings made upon the demurrers. Moreover, since it was held in the first division of the opinion in the *Close* case that no cause of action was alleged against Close, one of the defendants, the ruling in the second division was not necessary to the decision and was dictum.

Consequently, our review here is strictly limited to the propriety of the trial judge's grant of a nonsuit, notwithstanding the ingenious effort of the defendant Allen to broach the question of the assessment of joint liability against all of the defendants below. In Georgia, a motion for nonsuit is the modern equivalent to the common law demurrer to the evidence (*Clark v. Bandy*, 196 Ga. 546, 27 SE2d 17, and cases cited), and for this purpose, the evidence is to be construed most strongly in favor of the plaintiff. *Henry v. Roberts*, 140 Ga. 477 (79 SE 115). *Code* § 110-310 provides that a nonsuit shall be granted "... if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover ...". *Code* § 81-116 lays down the rule that a formal variance between the allegations and the proof will not be grounds for a nonsuit. *Reeves v. Madray*, 101 Ga. App. 300, 302, supra.

Turning now to a consideration of whether the plaintiff proved his case as laid, the defendant Allen contests only the proof of certain paragraphs of plaintiff's petition, admitting that proof of the others was made. We need only concern ourselves with these paragraphs, as admissions contained in the brief of a party are binding for purposes of review. *Turk v. State*, 68 Ga. App. 95 (22 SE2d 206); *Reynolds v. Citizens' Bank of Moultrie*, 22 Ga. App. 164 (1) (95 SE 763).

Paragraphs 18 and 19, relating to proximate cause and negligence, part of Paragraph 20, relating to causation, Paragraph

30, alleging negligence on the part of the defendant Allen, Paragraph 33, relating to causation and damages, and Paragraph 5, a general allegation of damages, all presented jury questions if there was any evidence relating thereto. *Eubanks v. Mullis,* 51 Ga. App. 728 (181 SE 604) and numerous other cases. An examination of the record reveals sufficient evidence on these points for jury consideration. Paragraph 32, relating to the agency relationship between the defendant Allen and the defendant American Chain & Cable Co., was admitted by counsel on the trial and there is also sufficient evidence in proof thereof.

Paragraph 17 alleged that, "As a result of the vehicle driven by . . . Allen running into the rear of said vehicle in which petitioner was riding, your petitioner was again thrown violently against the side and dash of said automobile in which he had been riding." Paragraph 16 alleged that as a result of the head-on collision with the defendant Amerson, plaintiff was "Thrown violently against the dash, against the windshield and the right door and into the floorboard of the automobile in which he was riding." The evidence showed that both the plaintiff and the driver Owens lost consciousness after the head-on collision. The defendant Allen strenuously contends that, with both the plaintiff and the driver unconscious, plaintiff did not and could not produce evidence in support of the allegation in Paragraph 17 that he was "again thrown violently against the side and dash" of the car.

While it is certainly true that a plaintiff who was rendered unconscious by the first and immediate impact could not testify directly as to the subsequent buffeting his body underwent, yet direct testimony is not the only basis on which he could bottom his proof. As was clearly stated by Chief Justice Russell: ". . . [If] the facts proved, would, *by any reasonable inference,* support a finding in favor of plaintiff, it is error to deprive plaintiff of his right to have the jury instead of the court sum up the facts of the case and mold their conclusion into a verdict." (Emphasis added). *Elrod v. McConnell,* 170 Ga. 892, 893 (154 SE 350) ; and see *Davis v. Kirkland,* 1 Ga. App. 5 (58 SE 209) ; *Corcoran v. Merchants & Miners Transpt. Co.,* 1 Ga.

App. 741 (57 SE 962); *Mason v. Hall,* 72 Ga. App. 867, 873, supra.

Thus a nonsuit will not be granted unless all facts proven and reasonable deductions therefrom do not entitle the plaintiff to recover. *Keebler v. Willard,* 86 Ga. App. 884 (72 SE2d 805) and cases cited therein.

Reviewing the evidence adduced by the plaintiff on the trial, we find that the defendant Allen testified that he was driving 35 to 40 miles an hour while following the vehicle in which the plaintiff was riding and that he was three to four car lengths behind that vehicle. The defendant Allen further testified that his automobile was damaged in the grill and front bumper, radiator and fender to the extent of $340. A police officer, R. L. Poss, testified that Allen told him that he was going 50 miles an hour.

Owens, the driver of the car in which plaintiff was riding, testified that the defendant Allen was following "very close" to his car, that his car was extensively damaged in the rear, and that the rear of his car "was buckled in there as if you would take a large tree and push it into it."

We hold here that this was sufficient evidence from which a jury might reasonably infer or deduce that plaintiff was "again thrown violently against the side and dash" of the car as alleged in Paragraph 17.

All of the paragraphs of plaintiff's petition which the defendant Allen contends were not proven have been examined, and we find that all were either proven, were jury questions from facts proven, or matters that the jury might find as a reasonable inference from the facts proven. Thus plaintiff established his case as laid in the petition and the trial judge's grant of a nonsuit was error.

*Judgment reversed. Carlisle, P. J., and Nichols, J., concur.*