39029. CITY OF BUFORD *et al.* v. HOSCH.

DECIDED SEPTEMBER 27, 1961—REHEARING DENIED OCTOBER 13, 1961.

*Nall, Miller, Cadenhead & Dennis, Douglas Dennis, B. Carl Buice,* for plaintiffs in error.

*Howard T. Oliver, Jr.,* contra.

NICHOLS, Judge. The defendants in the present case contend, in support of their motion for a judgment non obstante veredicto, that the release given to the driver of the automobile in which the plaintiff was a guest relieved them of liability.

The defendants contend, assuming arguendo that they were negligent, that they were joint tortfeasors with the driver of the automobile in which the plaintiff was a guest and the release given one released all so as to bar a recovery in the present case.

In the case of *McDougal v. Johnson,* 104 Ga. App. 233 (121 SE2d 417), the holding in the second division of the case of *Close v. Matson,* 102 Ga. App. 663 (117 SE2d 251), was held to be dictum. In *Longino v. Moore,* 53 Ga. App. 674 (187 SE 203), it was stated: "It is a well established general rule that 'where two or more persons or corporations, acting independently, without concert, plan, or other agreement, inflict a damage or cause an injury to another person, the persons inflicting the damage are not jointly liable therefor, but each is liable for his proportion only of the damages, and in such case a joint action against them cannot be maintained.' But it is also true that even though voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several persons combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred; and there can be a recovery against all or any one of the responsible parties." In § 879 of the Restatement of the Law of Torts two examples of joint liability are given and example (b), as follows, is applicable to the present case: "An automobile operated by A negligently strikes C causing him to fall into the street, however, doing no substantial harm to him. Before C can arise he is hit by an automobile being negligently operated by B and injured severely." In such a case both A and B are liable to C and a joint action will lie. In other words, they are joint tortfeasors. While in the present case the action is not against B but rather against a second person occupying the status of A for here the driver of the automobile in which the plaintiff was riding and the defendants "set up" the plaintiff for the injuries sustained when B crashed into the wrecked vehicle. The plaintiff was thrown from the automobile negligently operated by his host and the defendants allegedly were negligent in parking their automobile so that it blocked the roadway, et cetera, so that the automobile driven by Wansley caused the second wreck and the real injuries to the plaintiff. While the negligence of the defendants and the negligence of the drivers of the other two automobiles was not concurrent, the negligence combined to cause the injuries sued for, and the release of the one joint tortfeasor, which release was admitted, released all.

Accordingly the judgment overruling the defendants' motion for a judgment non obstante veredicto was error and must be reversed with direction that judgment be entered in accordance with such motion.

*Judgment reversed with direction. Carlisle, P. J., and Eberhardt, J., concur.*