22449. STEPHENS v. STEPHENS.

Submitted April 14, 1964—Decided May 7, 1964.

*Victor K. Meador, N. T. Anderson*, for plaintiff in error.

*Haas, Dunaway, Shelfer & Haas, George A. Haas, Hugh F. Newberry*, contra.

QUILLIAN, Justice. ■ "Since the passage of the Uniform Procedure Act, where a suit is filed in a superior court, which has general jurisdiction both in law and in equity, the petition should not be dismissed on general demurrer if it states a cause of action for either legal or equitable relief." *Farmers & Merchants Bank v. Gibson*, 211 Ga. 270 (4) (85 SE2d 513).

■ We can not agree with the contention of counsel for the defendant that the plaintiff attempted to join in one petition an action for damages for the breach of a parol contract and a recovery in tort for the deprivation of the plaintiff's furniture. Under the allegations of the petition the relation of the parties was that of landlord and tenant. *Code* § 61-101. However, according to the petition the plaintiff's tenancy was for his entire life with the rent previously paid. There was no misjoinder of an action ex contractu with an action ex delicto, for the averments are clearly to the effect that the plaintiff was seeking a recovery in tort for his wrongful eviction from the premises. The applicable rule is that: "a landlord who . . . forcibly and violently ejects a tenant and his personal goods from the rented premises is liable to the latter in an action in trespass." *Entelman v. Hagood*, 95 Ga. 390 (1) (22 SE 545); *Shores v. Brooks*, 81 Ga. 468 (8 SE 429, 12 ASR 332). As was held in *Smith v. Eubanks*, 72 Ga. 280, the contract is set out solely by way of inducement since the breach of duty sounds in tort for the unlawful ouster. "The liability arises out of a breach of duty incident to, and created by, the contract; but it is only dependent upon the contract to the extent necessary to raise the duty. The tort consists in the breach of duty." *City & Suburban R. of Savannah v. Brauss*, 70 Ga. 368, 377. See *Rushin v. Central of Ga. R. Co.*, 128 Ga. 726, 729 (58 SE 357).

The petition in the instant case sets out a cause in tort for the wrongful eviction of the plaintiff by the defendant, and it was not improper to join with it in the same action the deprivation by the defendant of the plaintiff's possession of his furniture, which tortious act arose out of the same transaction. *Smith v.*

*Eubanks,* 72 Ga. 280, supra; *Shores v. Brooks,* 81 Ga. 468, supra; *Code* § 3-113. The trial judge erred in sustaining ground 1 of the original demurrers which attacked the petition for failing to set forth sufficient facts to constitute a cause of action against the defendant; in sustaining grounds 2 and 3 of the original demurrers and grounds 2 and 3 of the additional demurrers which attacked the petition for misjoinder of causes of action; and in dismissing the petition.

■ Whether the petition shows the plaintiff had an estate or only a right in the property it does show that he had the right to possess and remain in one room and the right to use other parts of the house during his life. It also explicitly alleged that he had fully paid for his right, that the defendant was insolvent and that he will sell his equity in the property so as to deprive the plaintiff of his right to use the premises. The plaintiff, while not a tenant in common (with the defendant), still has a vested equitable interest in the property to protect.

The plaintiff, being without an adequate remedy, was entitled to the grant of an injunction. The trial judge erred in sustaining ground 18 of the original demurrers to prayer (j) which sought an injunction to prevent the defendant from disposing of his property.

■ ■ "The appointment of a receiver is recognized as one of the harshest remedies which the law provides for the enforcement of rights, and is allowable only in extreme cases, and under circumstances where the interest of creditors is exposed to manifest peril." *Dozier v. Logan,* 101 Ga. 173, 179 (28 SE 612). See *Code* § 55-303. Here, the petition does not allege sufficient facts to warrant the appointment of a receiver to rent the property and hold the proceeds, or sell the property at a receiver's sale. The trial judge did not err in sustaining ground 8 of the additional demurrers and grounds 15, 16 and 17 of the original demurrers to the prayers of the petition designated as (g), (h) and (i), which sought, respectively, the appointment of a receiver, and the rental and the sale of the property by such receiver.

■ Ground 14 of the original demurrers attacked prayer (f) which prayed that any judgment which the plaintiff recover be decreed to constitute a lien on the property. There is adequate

procedure at law to protect the plaintiff's rights when he obtains a judgment and no such circumstances are alleged as would authorize an equitable decree. See in this connection *Code* § 110-507; *Code Ann.* §§ 110-515 (Ga. L. 1958, p. 379) and 39-701 (Ga. L. 1955, pp. 425, 426). The trial judge did not err in sustaining ground 14 of the original demurrers.

■ The trial judge erred in sustaining ground 7 of the original demurrers which stated that the allegations of paragraph 16 of the petition were a conclusion of the pleader without facts on which to base such conclusion. The paragraph contained allegations that the plaintiff is 80 years old, healthy and with a life expectancy of 15 years; hence, the paragraph as a whole is not subject to demurrer upon the grounds urged. Where a special demurrer assaults the paragraph as a whole, without specifying the objectionable allegations, it must fail in its office as a critic, and should be overruled. *Allen v. Allen,* 196 Ga. 736, 748 (27 SE2d 679); *Southern R. Co. v. Phillips,* 136 Ga. 282, 285 (1) (71 SE 414).

*Judgment reversed in part; affirmed in part. All the Justices concur.*