40967, 40968. BONER v. SOLTERO et al. (two cases).

PANNELL, Judge. Clarence Boner, the plaintiff husband, and Doris Boner, the plaintiff wife, brought separate suits, seeking recovery of damages arising out of a multiple automobile collision, against Samuel M. Slotin, driver of one car, and Victor A. Soltero, driver of another car, and Victor M. Soltero, the father of Victor A. Soltero, under the family car doctrine. The petition in both cases, so far as material here, alleged that all these cars were on a ramp which entered an expressway; that the car driven by the plaintiff wife was immediately behind a truck; behind the plaintiff wife was a car driven by Slotin; and behind him a car driven by the younger Soltero; that the truck began to move forward onto the expressway and the plaintiff wife began to move forward slowly at a speed of five to ten miles per hour; that as plaintiff wife's automobile began to move forward it was suddenly and violently struck from behind by the automobile driven by Slotin then and there operated by Slotin at a speed of 15 miles per hour, or greater; that within one or two seconds thereafter the automobile driven by Soltero crashed violently into the rear of the Slotin automobile, knocking the same again into and against the rear of the plaintiff wife's automobile; that as the result of said multiple impacts, the head, neck and shoulders of the plaintiff wife were suddenly and violently thrown backwards and forwards in a repeated "whipcracking" motion, which caused her great bodily injury and damage. Various acts of negligence, principally related to following too closely and not keeping a proper lookout, were alleged against the two driver defendants. It

was further alleged that the various acts of negligence occurred simultaneously in time and concurred so as to cause the multiple collision and that said concurrent acts of negligence on the part of defendants did proximately cause all of the injury and damage to the plaintiff wife and the plaintiff husband's automobile driven by her; that in each of said collisions, the plaintiff wife's head, neck and shoulders were violently thrown back and forth and that said multiple collisions together did cause her to sustain severe strain and sprain of the muscles, ligaments, tissues, tendons and joints of her neck. The defendant Slotin demurred to the petitions on the grounds that the petition alleged separate and distinct causes of action against separate defendants and that the petition misjoins parties defendant in that the defendant Slotin was not liable for the cause of action alleged against the other defendants, nor were the other defendants liable for the cause of action, if any, alleged against Slotin. The defendants Soltero demurred to the petitions on substantially the same grounds together with a demurrer to a paragraph of the petition which alleged substantially that the injury to the plaintiff wife and to the plaintiff husband's property constituted a single injury to the respective plaintiffs brought about by the concurrent negligence of the defendants. These grounds of demurrer were sustained by the court with leave to amend. Upon refusal of the plaintiffs to amend their respective petitions, the petitions were dismissed by the trial judge and his rulings are here for review upon separate bills of exceptions assigning error thereon. *Held:*

1. "Where the negligent acts of two persons combine, although not done simultaneously, to cause an injury to a third person they are joint tortfeasors, and the release of the first tortfeasor will release the other." *City of Buford v. Hosch,* 104 Ga. App. 615 (122 SE2d 287). The ruling to the contrary in *Close v. Matson,* 102 Ga. App. 663 (117 SE2d 251) in Division 2 of the opinion in that case was criticized as being obiter dictum in *McDougal v. Johnson,* 104 Ga. App. 233 (121 SE2d 417), and *City of Buford v. Hosch,* 104 Ga. App. 615, supra. In our opinion, the petition in the present case sufficiently alleges that the injury was caused by both collisions so as to come within the rule "that even though voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several persons combine naturally and

directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred; and there can be a recovery against all or any one of the responsible parties." *Longino v. Moore,* 53 Ga. App. 674 (187 SE 203) ; see also *Akin v. Brantley,* 26 Ga. App. 326 (106 SE 214).

2. It follows that the trial court erred in sustaining the demurrers excepted to and in dismissing the respective petitions upon failure of the respective plaintiffs to amend.

*Judgments reversed. Felton, C. J., and Frankum, J., concur.*

DECIDED OCTOBER 9, 1964—REHEARING DENIED OCTOBER 22, 1964.

*Paul C. Myers, William I. Aynes,* for plaintiffs in error.

*Lokey & Bowden, Hamilton Lokey, Glenn Frick, Powell, Goldstein, Frazer & Murphy, C. B. Rogers, Warner R. Wilson, Jr.,* contra.

ON MOTION FOR REHEARING.

Demurrers to a petition on the grounds of misjoinder of parties and causes of action are special demurrers, *McCullough v. Atlantic Refining Co.,* 181 Ga. 502 (2) (182 SE 898), *Farmers & Merchants Bank v. Gibson,* 211 Ga. 270 (2) (85 SE2d 513), and while the sustaining of such demurrers, without more, may be a final adjudication on the subject in the absence of exceptions thereto, *Smith v. Bugg,* 35 Ga. App. 317 (133 SE 49), it is not a final judgment which will support a direct bill of exceptions to this court. *Harrell v. Southern R. Co.,* 13 Ga. App. 409 (79 SE 240). It follows that such a ruling, with time to amend, does not become such a final judgment after the time for amendment has expired. And, where, after the time allowed for amendment has expired without the filing of an amendment, the trial judge, because of failure to amend, dismisses the petition on motion of the demurrant, a bill of exceptions assigning error on such final judgment of dismissal and also assigning error on the prior ruling on demurrer, properly presents to this court for decision the question as to whether the trial court erred in sustaining such demurrers. See *Elliott v. Orange Crush Bottling Co.,* 56 Ga. App. 313 (1) (192 SE 530). As to the procedure involving

the sustaining of special demurrers, see *McSwain v. Edge,* 6 Ga. App. 9 (2) (64 SE 116); *White v. Little,* 139 Ga. 522, 523 (3) (77 SE 646). As to general demurrers, see *Clark v. S. F. C. Acceptance Corp.,* 109 Ga. App. 180 (135 SE2d 473). The sustaining of a special demurrer to a plaintiff's petition does not ipso facto work a dismissal of the petition, although judgment has been entered thereon and no amendment has been offered, where the order does not require that the plaintiff shall amend the petition, under the penalty of dismissal in case the amendment shall not be filed." *News Publishing Co. v. Lowe,* 8 Ga. App. 333 (69 SE 128). The bill of exceptions presented within 30 days of the judgment of dismissal is not too late, even though presented more than 30 days after the time for amendment has expired. The decision of this court in *Kelly v. Georgia R. &c. Co.,* 24 Ga. App. 439 (101 SE 401), holding that the sustaining of such demurrer as that in the present case is a final judgment without an additional order expressly dismissing the petition, was overruled in *Georgia R. &c. Co. v. Kelly,* 150 Ga. 698 (105 SE 300), and even if, as contended by defendant in error, the Supreme Court ruling did not affect the particular rulings involved here, we are bound by the older decision of this court in *News Publishing Co. v. Lowe,* 8 Ga. App. 333, supra.

*Motion for rehearing denied.*