## 43411. JACKSON v. KIGHT et al.

PANNELL, Judge. Waldo Kight brought an action against Hugh Jackson and J. M. Aycock seeking to recover damages for injuries sustained by him when he ran into a large road grader on an expressway, alleging that the defendants were the owners and operators of the road grader negligently left without lights at night on the expressway. Answers were filed by both

defendants, and the defendant Jackson amended his answer, setting out, among other things, that the plaintiff had executed a covenant not to sue, copy of which was attached to the amendment to the answer, claiming that the covenant not to sue precluded the asserting of any claim by the plaintiff against the defendant Jackson because of the provisions of the Act approved April 17, 1963 (Ga. L. 1963, p. 643; *Code Ann.* § 56-408.1).

Subsequently, the defendant Jackson made a motion for summary judgment on several grounds, one of which was the above ground set forth in the answer, which motion for summary judgment stated "that on October 20, 1967, the plaintiff herein entered an agreement with J. M. Aycock and with his liability insurance carrier" as shown by exhibits attached, and that J. M. Aycock was dismissed as a party defendant, and contended that because of the terms of the covenant not to sue no claim could be asserted by the plaintiff against the movant. The motion for summary judgment was sworn to by the defendant Jackson, the oath stating "that the facts set forth in the foregoing motion for summary judgment and the exhibits attached thereto are true to the best of his knowledge and belief." The trial judge denied the motion and Jackson appealed. *Held:*

1. Irrespective of whether or not the affidavit of the defendant (the sworn-to motion for summary judgment) could be considered as against the contention made in this court that it did not affirmatively appear therefrom that the affiant was testifying as to facts within his own knowledge (see *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442); *Planters Rural Tel. Co-op. v. Chance*, 108 Ga. App. 146, 148 (132 SE2d 90)), and irrespective of whether or not the exhibit attached, a photostat of a covenant not to sue purportedly signed by the plaintiff, was "sworn and certified" as required by Section 5 of the Summary Judgment Act ((Ga. L. 1959, pp. 234, 235; *Code Ann.* § 110-1205); see also Section 56 (e) of the Georgia Civil Practice Act (Ga. L. 1966, pp. 609, 661; *Code Ann.* § 81A-156 (e)), and regardless of the effect of the fact that no objection was made to the exhibits or to the lack of proper proof as to the execution thereof by the plaintiff, and regardless of the effect of the fact that there was no affidavit on the part of the plaintiff denying the execution of such covenant not to sue, it appears in the brief of the appellant (the de-

fendant Jackson) that one of the issues is whether or not the covenant not to sue released the defendant Jackson, and the brief of the appellee (plaintiff in the court below) agrees that is an issue in this court, and the appellant's brief recited as a fact the execution of the covenant not to sue by the plaintiff, and that this was the agreement so entitled and set forth as an exhibit to the summary judgment, and this fact was not controverted, but, on the contrary, the brief of the appellee admitted the fact. Accordingly, this court will, under all these circumstances, accept the statement of fact as to the execution of the agreement as being prima facie true and will determine the outcome of this case in the light of that fact. See Rule 17 (b) (1) of this court effective August 1, 1965, 111 Ga. App. 890.

2. The covenant not to sue the defendant Aycock and his insurance carrier and signed by the plaintiff referred expressly to the present suit and recited that the insurance carrier was paying the consideration of a covenant not to sue without prior notice to or consent of its insured, Aycock. The second paragraph of Section 1 of the Act of 1963 expressly provides: "*If such third persons* [*the plaintiff here*] *execute a release, covenant not to sue, or other instrument in settlement of their claims after such notice of the lack of consent of the insured, the same shall be deemed and construed as a bar to the further assertion by such third persons of such claims against all persons whomsoever*, and such third persons shall not plead such release, covenant not to sue or settlement in bar of any action or claim asserted by such insured." (Emphasis supplied.) This language is unambiguous and is not amenable to a construction contrary to its plain and express terms. While one of the purposes of this Act was to ameliorate the effect of the decision of the Supreme Court in *Aetna Cas. &c. Co. v. Brooks*, 218 Ga. 593 (129 SE2d 798), this was accomplished by the last phrase (which is not italicized) in the above quoted portion of the Act. The language italicized deals with an entirely different subject and is plain in its terms. It follows that the execution of the covenant not to sue by the plaintiff with knowledge that the insured, Aycock, had not consented thereto, barred the plaintiff's claims, arising out of the collision in question, "against all persons whomsoever," which includes the defendant Jackson. The trial court erred in overruling this defendant's motion for summary judgment.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

Argued February 7, 1968—Decided March 12, 1968.

Richardson, Doremus & Karsman, Ogden Doremus, for appellant.

Lewis & Javetz, Emanuel Lewis, Pierce, Ranitz, Lee, Berry & Mahoney, Thomas J. Mahoney, Jr., for appellees.