## 44109. FILLINGAME v. COOK.

DEEN, Judge. 1. Any automobile liability insurance policy which by its terms formerly allowed the insurer to settle claims against the insured ("the company may make such investigation and settlement of any claim or suit as it deems expedient") by these terms created the relation of principal and agent between the parties, so that a release obtained by the insurer constituted a settlement by its insured, whether taken with or without the consent of the insured. *Aetna Cas. &c. Co. v. Brooks*, 218 Ga. 593 (129 SE2d 798).

2. Following the opinion in *Brooks*, supra, the legislature specifically provided (Ga. L. 1963, p. 643; *Code Ann.* § 56-408.1) that any third person executing a settlement with an insurer after notice that the insured did not consent thereto should be barred from "the further assertion by such third persons of such claims against all persons whomsoever." This language was construed in *Jackson v. Kight*, 117 Ga. App. 385 (2) (160 SE2d 668) to include an alleged tortfeasor other than the insured whose negligence allegedly combined with that of the insured to cause the plaintiff's injuries, and to inure to the benefit of such joint tortfeasor.

3. It follows from the foregoing that where the plaintiff, a guest passenger in an automobile driven by Clark, gave Clark's insurer a covenant not to sue in payment of $600 by the insurer without Clark's consent, the settlement inured to the benefit of the alleged joint tortfeasor, the defendant Cook. A motion for summary judgment by Cook in this action was properly granted by the trial court.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 8, 1969—DECIDED FEBRUARY 4, 1969.

*James M. Collier*, for appellant.
*Sanders, Mottola & Haugen, Willis G. Haugen*, for appellee.