**44897.  SCARBROUGH v. ANDREWS MOTOR COMPANY.**

PANNELL, Judge.  1.  Section 1 of the Act of 1963 approved April 17, 1963 (Ga. L. 1963, p. 643; *Code Ann.* § 56-408.1) provides: "From and after the passage of this Act, any provision in a liability policy of insurance which provides that the insurer shall have the right to compromise or settle claims of third persons against the insured without the consent of the insured shall be deemed to create, as between the insurer and the insured, the relationship of an independent contractor so that the insured shall not be precluded from asserting a claim or cause of action against third persons, notwithstanding the settlement by the insurer of such claims of third persons, unless the insured shall previously have consented thereto in writing; provided that in all *such cases* where the insurer shall settle the claims of third persons against the

insured, without such written consent, it shall be the duty of the insurer to inform such *third persons* in writing of the lack of consent of the insured and that the insured is not thereby precluded from the further assertion of claims against *such third persons*, before taking from *such third persons* any release, covenant not to sue, or other settlement; and upon the failure of the insurer to give such notice to *such third persons* of the lack of consent of such insured, such release, covenant not to sue or other settlement shall be of no effect, null and void.

"If *such third persons* execute a release, covenant not to sue, or other instrument in settlement of their claims after such notice of the lack of consent of the insured, the same shall be deemed and construed as a bar to the further assertion by *such third persons* of such claims against all persons whomsoever, and *such third persons* shall not plead such release, covenant not to sue or settlement in bar of any action or claim asserted by such insured." (Emphasis supplied.) The first portion of this Act predicates the entire Act upon the basis of there being a provision in a liability policy of insurance permitting the insurer to settle with third persons without the consent of the insured. In the proviso following, all reference to third persons is preceded by the word "such." The use of this language can mean nothing more or less than third persons who are settled with by an insurance company where the required provisions are contained in the policy and has no application to any other situation. Accordingly, the provision therein that "[i]f such third persons execute a release, covenant not to sue, or other instrument in settlement of their claims after such notice of the lack of consent of the insured, the same shall be deemed and construed as a bar to the further assertion by such third persons of such claims against all persons whomsoever," has no application unless the policy of insurance pursuant to which such payment was made by the insurer contained the required provisions.

2. Where, as in the present case, on motion for summary judgment by a defendant against whom an action had been brought by a plaintiff who had, for a consideration received from an insurer, executed a covenant not to sue the insured (a third-party defendant) the movant is not entitled to summary judgment under the provision of the Act in the

absence of proof that the insurance policy contained the required provisions. In the cases of *Jackson v. Kight*, 117 Ga. App. 385 (2) (160 SE2d 668); *Fillingame v. Cook*, 119 Ga. App. 140 (166 SE2d 440); *Fisher v. Pirtle*, 119 Ga. App. 556 (167 SE2d 613) no question was raised as to the applicability of the Act in the absence of proof that the policy contained the required provisions as is here raised, and nothing was ruled thereon, for the simple reason that in all the above cases it was either proven or admitted that the policy involved contained a provision permitting the insurer to settle without the consent of the insured.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 5, 1969—DECIDED JANUARY 16, 1970.

*Neely, Freeman & Hawkins, John V. Skinner, Jr., William E. Cetti,* for appellant.

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., John K. Dunlap,* for appellee.