45159. WATSON v. HAMIL, by Next Friend, et al.

WHITMAN, Judge. This is an appeal from the denial of a motion for summary judgment which was certified for review. According to evidence presented on the motion three cars were proceeding in line. Plaintiff Hamil's car, the lead car, was hit in the rear as he slowed down because a car up ahead had stopped

or was pulling off the road. Hamil sued the driver of the car behind him, i.e., defendant Johnson. Defendant Johnson answered the suit and also filed a third-party complaint naming Watson, who was the driver of the third or rear car, as third-party defendant. In the third-party complaint Johnson alleged that Watson in the rear car struck him and knocked his car forward into the plaintiff's car. Johnson's third-party complaint prayed that Hamil' s suit against him be dismissed or in the alternative that he be awarded judgment against Watson for a pro rata share of any judgment that Hamil might recover against him.

It is the denial of Watson's motion for summary judgment that has been appealed from and enumerated as error. *Held:*

1. Under one view of the evidence, the rear car hit the middle car forcing it forward into the lead car. Under another view, the middle car first hit the lead car, then the rear car hit the middle car, but did not cause any additional contact between the middle and lead cars. With the evidence in conflict as to how the accident occurred there was no error in denying Watson's motion for summary judgment made on the ground that the undisputed facts showed that he would not be liable to Hamil. *Hester v. Wilson,* 117 Ga. App. 435 (5) (160 SE2d 859).

2. Watson's motion for summary judgment was also made on the ground that there has been an accord and satisfaction of any liability in that Johnson accepted and negotiated a draft which contained a release.

The draft was drawn by Watson's insurer payable to Johnson. The reverse side of the draft reads and shows as follows: "Release. By the acceptance and endorsement of this draft, it is agreed that said draft is in full and final settlement of all liability and claims against the person, firm, or corporation covered under the terms of the policy as an insured and/or the United States Fidelity & Guaranty Company as insurer because of personal injuries or damage to property resulting or to result from an accident which occurred on or about the date stated on the face hereof. Signed, Sealed and Dated 1-15, 1968. *S/Arthur J. Johnson* (Seal)."

The trial court in its order denying the defendant's motion for summary judgment ruled the above instrument to be null

and void by virtue of Ga. L. 1963, p. 643 (*Code Ann.* § 56-408.1). This statute provides that notwithstanding a right given a liability insurer by the contract of insurance to settle or compromise with third persons who have claims against the insured, any settlements effected by the insurer in such regard will not preclude the insured from asserting his own claims against such third persons unless the insured shall previously have consented thereto in writing; that it is the duty of the insurer when settling the claim of a third person against its insured without its insured's consent to inform the third person of that circumstance and of the effect thereof, and that a failure to so inform the third person voids the settlement, release or covenant not to sue. However, if the third person is given notice of the insured's lack of consent and nevertheless executes a settlement, release or covenant not to sue, the statute provides that such instrument will be a bar to the assertion of further claims by the third person even though in the reverse situation the instrument is not a bar to claims which might be pressed by the insured. For cases wherein this statute has been applied, see *Roberts v. Goodwin,* 113 Ga. App. 656 (149 SE2d 420); *Jackson v. Kight,* 117 Ga. App. 385 (160 SE2d 668); *Fillingame v. Cook,* 119 Ga. App. 140 (166 SE2d 440).

In the present case it was established that Watson did not give his written consent prior to the execution of the above release by Johnson. According to the express language of the statute, if Johnson was notified of that fact and of the effects thereof, the release would have life as to claims within its scope. Likewise, if Johnson was not so notified, then the release would be "of no effect, null and void."

The question of notice is crucial. If there is a dispute in such a case as to whether notice was given, then it would be a question of fact for the jury and a summary judgment should be denied. In this case, even more adverse to Watson's position as movant, there is an apparently uncontroverted averment by Johnson that he was not notified that the insurer was acting without the written consent of Watson. The trial court did not err in denying Watson's motion for summary judgment made on the ground of the accord and satisfaction.

Watson argues that the statute is intended to give protection to insureds and should not be construed so as to nullify a release executed without his consent when it is to his advantage and which he has thereafter ratified. This contention is without merit in view of the plain and unambiguious language of the statute.

We do not reach the question of whether a release such as the one in this case, which would release the releasor's personal damage claims against the releasee if valid, would also release a right of contribution from the releasee as to a damage claim asserted against the releasor *by another.*

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED MARCH 2, 1970—DECIDED JUNE 30, 1970.

*O'Kelley, Hopkins & Van Gerpen, H. Lowell Hopkins, Steven J. Kyle,* for appellant.

*Greer & Murray, Richard G. Greer, Kenneth C. Pollock,* for appellees.