Marie-Louise Rosenthal, Plaintiff, v. The First National Bank of Chicago, etc., et al., Defendants.
Morgan, Halligan, Lanoff & Cook, Petitioner-Appellee, Michael Reese Hospital and Medical Center, Respondent-Appellant.

Gen. No. 53,895.

First District, Fourth Division.

July 22, 1970.

George V. Bobrinskoy, Jr., and Burton E. Glazov, of Chicago (Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of counsel), for respondent-appellant.

Samuel M. Lanoff and John A. Cook, of Chicago (Morgan, Halligan, Lanoff & Cook, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Respondent has appealed from an order of the trial court directing that $25,000 in attorneys' fees be paid to petitioner by respondent out of its trust estate. That estate was the subject of prior litigation which resulted in a decision that the trust created by plaintiff's father should be distributed to respondent. Rosenthal v. First Nat. Bank of Chicago, 88 Ill App2d 82, 232 NE2d 265, affirmed 40 Ill2d 266, 239 NE2d 826. Included in this court's mandate reversing and remanding the prior action was a direction to the trial court to "allow such additional fees as are just and reasonable." The trial court then, after hearing, allowed petitioner $25,000 additional "for services and costs incurred while acting for the appellees" in the earlier appeal.

Petitioner, a firm of attorneys, represented Phyllis and Diane Dreyfus as parties defendant in the will construction case before the trial court. When the trial court ruled adversely to its clients' claim, they, along with four other parties, filed separate notices of appeal to this court. When this court decided the will construction case in favor of the instant respondent, a petition for leave to appeal in the Illinois Supreme Court was filed by the instant petitioner on behalf of its clients. The petition was allowed, but subsequently the Supreme Court affirmed the judgment of this court.

Petitioner's request for additional fees * upon remand was based upon a detailed petition filed in the trial court listing 890 hours of time expended in connection with the preparation and handling of the two appeals. Petitioner

---

\* The trial court had previously allowed petitioner $10,000 as fees and $297.90 as expenses for their services in the trial court. That allowance was never in dispute.

requested $35,000 as additional fees and costs, and the trial judge allowed $25,000 as fees and $4,193.47 as costs.

■ Respondent seeks reversal of the trial court's decree, contending that this court's mandate to allow "such additional fees as are just and reasonable" does not direct the trial court to award compensation to all attorneys in the case, as the language was construed by the trial judge, but was intended to direct the payment of only such fees as would be allowable under Illinois law. Respondent relies primarily upon Glaser v. Chicago Title & Trust Co., 401 Ill 387, 82 NE2d 446, to support this contention. There, the parties agreed, as they have in the instant case, that an ambiguity in a will justifies a suit for its construction, and that fees are properly allowable to such a suitor, win or lose, to cover his costs in the trial court. As to fees for appeals, however, the court in Glaser considered that quite a different matter. After citing with approval Sherman v. Leman, 137 Ill 94, 27 NE 57, and Dime Savings & Trust Co. v. Watson, 254 Ill 419, 98 NE 777, which disallowed appellate fees, the court concluded, at page 393:

> When the will has been construed by a court having jurisdiction of the subject matter and the parties, its decree affords authority to all interested persons for the administration thereunder according to its terms unless it be modified or set aside by a court of superior jurisdiction. The construction placed upon a will by the lower court may not be satisfactory to some of the parties and they may be able to have it changed on appeal, but, should they feel disposed to litigate beyond the court of original jurisdiction, this they must do at their own risk and costs. The better authority is in accord with this view.

■ Thus, the sole issue presented on this appeal is the proper determination of petitioner's status in the

appeals to this court and to the Supreme Court from the will construction decree. Respondent contends that petitioner was an appellant at both levels of the appeal and is therefore precluded under the Glaser rule from receiving additional fees. This view of petitioner's status is borne out in the record which demonstrates that petitioner filed the initial notice of appeal to this court, filed briefs on behalf of its clients, filed a petition for rehearing before this court, and also the petitions for leave to appeal and for rehearing before the Supreme Court. Each of these documents described petitioner's clients as appellants, and sought reversal of both the trial court's judgment and the judgment of this court. While those judgments were quite different from each other, petitioner did not seek to affirm any part of either. We think it is altogether clear that petitioner was representing appellants at both appellate stages of the proceeding and must be held to have pursued the litigation on appeal "at their own risks and costs." Glaser, supra.

 Petitioner's arguments to the contrary were accepted by the trial court which allowed the fee for services rendered on behalf of the "appellees." We cannot agree with this conclusion. Petitioner also urges that this court's mandate to "allow such additional fees as are just and reasonable" required the trial court to allow fees in addition to those allowed at the trial level to all attorneys who participated in the appeals, and that the only determination remaining for the trial court was to set a reasonable fee. Contrariwise, we conclude that the words, "just and reasonable," permitted the allowance of additional fees only in conformity with the established legal principles as set out in Glaser.

██ ██ Petitioner also argues that their clients were "ostensible appellees," since they were obliged to respond to the appeals taken by four other parties to the litigation. We cannot agree with this position either. An "appellee" is defined as "the party in a cause against whom an appeal is taken; that is, the party who has an

interest adverse to setting aside or reversing the judgment." Black's Law Dictionary, 4th Ed, 1951, p 126. In our view, petitioner's only interest on appeal was to seek reversal of the trial court's or this court's judgment, and petitioner faced no compulsion to pursue its appeals merely because other parties filed separate appeals seeking reversal on other grounds, none of which would have benefited petitioner's clients. This distinguishes the instant action from Dyslin v. Wolf, 347 Ill App 80, 106 NE2d 193, upon which petitioner relies, for in that case fees were allowed to attorneys for clients appearing more or less involuntarily in the Supreme Court as appellees intent upon sustaining the judgment of the lower court.

Upon remand to the trial court, evidence was adduced from one of petitioner's partners indicating that petitioner had a contingent fee arrangement with its clients. Under that arrangement, petitioner was to receive a percent of any sums received from the trust in excess of a certain amount, in addition to any fees which might be awarded by the trial court on a quantum meruit basis.

■■ The reasonableness of a contingent fee contract is always subject to close scrutiny and supervision by the courts. Pocius v. Halvorsen, 30 Ill2d 73, 83, 195 NE2d 137; Warner v. Basten, 118 Ill App2d 419, 255 NE2d 72. Our assessment of the instant arrangement leads us to the conclusion that allowance of an additional fee from the trust estate for the services rendered in this case by petitioner would be unreasonable if its contingent fee arrangement were construed to contemplate full payment on a quantum meruit basis in the event of loss of the suit.

Accordingly, the judgment of the Circuit Court is reversed.

Reversed.

STAMOS, P. J. and DRUCKER, J., concur.