### 46545. SPEARMAN et al. v. SOUTHEASTERN HIGHWAY CONTRACTING COMPANY et al.

BELL, Chief Judge. The plaintiff executed a covenant not to sue one of the three defendants to this suit, Lothridge. The covenant recited that the monetary consideration given to plaintiff was paid by the liability carrier of Lothridge and was taken "without the knowledge or consent" of Lothridge, the insured. Subsequently, the attorney for plaintiff and the attorney for Lothridge and his insurer executed a rescission of the covenant not to sue, and simultaneously executed another covenant not to sue which provided that the covenant was taken with the consent and knowledge of Lothridge. The remaining two defendants to the suit moved to dismiss the plaintiff's complaint. The trial court granted the motion. *Held:*

The original covenant not to sue if it falls within the provi-

sions of the Act of 1963 approved April 17, 1963 (Ga. L. 1963, p. 643; *Code Ann.* § 56-408.1) will operate to bar the plaintiff's claims against the remaining two defendants as it inures to their benefit. *Jackson v. Kight,* 117 Ga. App. 385 (2) (160 SE2d 668); *Fillingame v. Cook,* 119 Ga. App. 140 (166 SE2d 440). The subsequent attempted rescission of the covenant was ineffectual as to these two defendants. By operation of the law they acquired a vested right to claim the incidental beneficial consequences flowing to them as result of plaintiff's execution of the covenant not to sue with knowledge that the defendant Lothridge has not consented thereto. The plaintiff cannot avoid these consequences and divest the remaining defendants of the benefit granted them by statute by the attempted rescission of the covenant not to sue. However, all the foregoing presupposes that the Act of 1963 applies to the covenant not to sue in issue in this case. In *Scarbrough v. Andrews Motor Co.,* 121 Ga. App. 29 (172 SE2d 451), we held that the Act applies only to a covenant not to sue where the insurance policy contained a provision permitting the insurer to settle without the consent of the insured. Here there is a complete absence of any proof that the policy of insurance contained the required provision. The policy was not in the record. Of course, if the policy had been offered in evidence and did contain the provision required by the Act as construed by *Scarbrough,* we would affirm. However, as the policy is not physically present, the record does not support the dismissal of plaintiff's complaint upon the premise that the covenant not to sue one defendant falls within the Act and operates to bar the plaintiff's claim against the other defendants.

*Judgment reversed. Pannell and Deen, JJ., concur.*
Argued September 9, 1971—Decided November 19, 1971.

*Ray C. Norvell, Gregg Loomis,* for appellants.
*Neely, Freeman & Hawkins, Paul M. Hawkins, Albert H.*

*Parnell, Lokey & Bowden, Glenn Frick,* for appellees.