## 47253. SPEARMAN et al. v. SOUTHEASTERN HIGHWAY CONTRACTING COMPANY et al.

QUILLIAN, Judge. This is the second appearance of this case in this court. See *Spearman v. Southeastern Hwy. Contr. Co.,* 125 Ga. App. 85 (186 SE2d 484). The only issue for determination in this case is whether the insurance policy in question gave the insurer the authority to settle a claim against the insured without his consent so as to bring the policy within the provisions of *Code Ann.* § 56-408.1 (Ga. L. 1963, p. 643). The policy provided in part: "The company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, *and may make such investigation and settlement of any claim or suit as it deems expedient.*"

In *Aetna Cas. &c. Co. v. Brooks,* 218 Ga. 593 (129 SE2d 798), the Supreme Court held that language granting to the insurer a right to "make such investigation and settlement of any claim or suit as it deemed expedient" established an agency relationship between the insurer and the insured thus causing a settlement entered into by the insurer without the consent of the insured to be a bar to the assertion of a claim by the insured against the party with whom the insurer had settled. See also *Allstate Ins. Co. v. Hill,* 218 Ga. 430 (128 SE2d 321). *Code Ann.* § 56-408.1 was then enacted in reaction to the *Brooks* case to provide, among other things, that "any provision in a liability policy of insurance which provides that the insurer shall have the right to compromise or settle claims of third persons against the insured without the consent of the insured shall be deemed to create, as between the insurer and the insured, the relationship of an independent contractor so that the insured shall not be precluded from asserting a claim or cause of action against third persons, notwithstanding the settlement by the insurer of such claims of third persons, unless the insured shall

previously have consented thereto in writing."

The policy in the case sub judice does give the insurer the right to settle a claim against the insured without his consent and the granting of the summary judgment was not error.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*
ARGUED JUNE 5, 1972—DECIDED JUNE 22, 1972.

*Ray C. Norvell,* for appellants.

*Neely, Freeman & Hawkins, Paul M. Hawkins, William E. Cetti, Lokey & Bowden, Glenn Frick,* for appellees.