## 47138. BURROUGHS CORPORATION v. OUTSIDE CARPETS, INC. et al.

EVANS, Judge. National Acceptance Co. sued Outside Carpets, Inc., demanding judgment in a sum certain for the rental of certain business equipment under a lease agreement between the parties. The defendant, Outside Carpets, Inc., filed a third-party complaint therein against Burroughs Corporation as third-party defendant. Said third-party complaint alleges a breach of warranty in that Burroughs had *sold* to Outside Carpets, Inc. a certain bookkeeping machine. However, the original complaint involved a suit upon a rental agreement between the original plaintiff and the original defendant. It thus appears that the third-party complaint is contending it *purchased* the equipment from Burroughs, while the original complaint is a suit for rental of the same equipment from the plaintiff.

Plaintiff filed a motion for summary judgment against the defendant, Outside Carpets, Inc., which was sustained, and the court awarded a judgment on the rental contract in favor of the plaintiff. Outside Carpets, Inc., the defendant, appealed in case #47137, but the same was dismissed in this court for want of prosecution.

Burroughs Corporation, in case #47138, cross appealed an order denying its motion to dismiss the third-party complaint brought by Outside Carpets, Inc. against Burroughs. The latter case is still before this court for decision. *Held:*

1. Copies of the notice of appeal in the main case (#47137) were served on counsel representing Burroughs Corporation, the third-party defendant. Therefore, the cross appellant, Burroughs, had a right to file its cross appeal. Thus, though the main appeal has been dismissed for want of prosecution, the cross appeal is still pending before this court for consideration and decision. *Code Ann.* § 6-809 (c); (Ga. L. 1965, pp. 18, 29, as amended) *Daniels v. Allen,* 118 Ga. App. 722 (2) (165 SE2d 449).

*Code Ann.* § 6-809 (c) spells it out in plain and unmistakable language, as follows: *"Dismissal of the appeal shall not affect the validity of the cross appeal* where notice therefor has been filed within the time required for cross appeals, and where the appellee would still stand to receive benefit or advantage by a decision of his cross appeal." (Emphasis supplied.)

While the judgment rendered on motion for summary judgment in the main case was against the defendant, nevertheless the third-party defendant is an interested party and has such an interest therein that he has the status of an appellee in the main case, especially as he was served with the appeal. "All parties to the proceedings in the lower court shall be parties on appeal, and shall be served with a copy of the notice of appeal in the manner hereinafter prescribed." *Code Ann.* § 6-802 (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495). The cross appeal is not subject to dismissal as a result of the dismissal of the main appeal for want of prosecution.

2. Only one who is secondarily liable to the original defendant may be brought in as a third-party defendant, as in cases of indemnity, subrogation, contribution, warranty and the like. See *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 801 (165 SE2d 587); *Worrill v. Pitney-Bowes, Inc.,* 119 Ga. App. 258 (167 SE2d 236). *Code Ann.* § 81A-114 (a) (§ 14 CPA; Ga. L. 1966, pp. 609, 627; 1969, p. 979) allows a defendant as a third-party plaintiff to cause a summons and complaint to be served upon a person not a party to the action "who is or may be liable to him for all or part of the plaintiff's claim against him." Here, the main action contends that National Acceptance Co. *is the lessor of certain equipment leased to the defendant,* Outside Carpets, Inc. It is true that Outside Carpets, Inc., as third-party plaintiff, has filed a breach of warranty complaint against Burroughs Corporation, the third-party defendant. It alleges therein that *Burroughs Corporation sold to Outside Carpets, Inc.* "a certain bookkeeping machine as described in the written

order No. 'A' and being Exhibit 'A' to the plaintiff's original complaint in the case. How may the third-party defendant be involved in the rental contract between the original plaintiff and defendant? Summary judgment has resulted in favor of the plaintiff establishing that *it was the owner and lessor of this equipment.* The record thus shows that *Burroughs could not have sold the same equipment to Outside so as to be liable to Outside for all or part of the plaintiff's rental claim against the defendant.* While it may have a valid claim against Burroughs for a bookkeeping machine, the alleged breach of warranty in this third-party complaint could not possibly involve the rental agreement between the original parties. The court erred in failing to dismiss the third-party complaint.

*Judgment reversed. Hall, P. J., Eberhardt, P. J., Pannell, Deen and Clark, JJ., concur. Bell, C. J., Quillian and Stolz, JJ., dissent.*

ARGUED MAY 1, 1972 — DECIDED NOVEMBER 27, 1972.

*Matthews, Walton, Smith, Shaw & Maddox, James D. Maddox,* for appellant.

*Clary & Kent, Horace T. Clary,* for appellees.

BELL, Chief Judge, dissenting, I dissent as this court has no jurisdiction over this case, for the "cross appellant" is not an appellee under the Appellate Practice Act. The term "appellee," although undefined by our Appellate Practice Act, has been defined in other jurisdictions as the party against whom the appeal is taken and who has an interest adverse to setting aside the judgment appealed from. Corey v. Mercantile Ins. Co. of America, 205 Ark. 546 (169 SW2d 655); Rosenthal v. First National Bank of Chicago, 127 Ill. App. 2d 371 (262 NE2d 262). Applying this definition here to Burroughs Corporation, it clearly appears that it is not an appellee and therefore cannot cross appeal *for no appeal* on any judgment in the court below has been taken against it and it has no interest adverse to setting aside the

judgment from which the main appeal was taken. I would dismiss the appeal.

I am authorized to state that Judges Quillian and Stolz concur in this dissent.