56833, 56931. NAGER et al. v. LAD 'N DAD SLACKS;
and vice versa.

WEBB, Judge.

Lad 'n Dad sued Nager and Mayvin Industries for maliciously persuading a portion of Lad 'n Dad's sales force to leave its employ to work for Mayvin, Nager's competing men's wear manufacturing company, thereby damaging Lad 'n Dad's business. In their answer Nager and Mayvin set forth a counterclaim alleging that Lad 'n Dad had attempted to drive them "out of business." Summary judgments were granted to Nager and Mayvin on the main complaint, and to Lad 'n Dad on the counterclaim. Nager appealed (No. 56833) and Lad 'n Dad filed a cross appeal which was subsequently dismissed on Nager's motion. Dismissal of the cross appeal and the grant of summary judgment to Nager and Mayvin on the original complaint are the subject of No. 56931, the two appeals having been consolidated for consideration.

1. We affirm as to the counterclaim (No. 56833). In support of its claim of tortious interference Nager alleged that Lad 'n Dad and its executives embarked on a conspiracy to prevent the continued operations of Mayvin in any field of competition with Lad 'n Dad; that they made threats of lawsuits against any individual known or suspected of being interested in seeking employment with Mayvin; that they made "disparaging remarks" to individuals in the men's wear trade, including suppliers and potential customers of Mayvin, questioning its financial capabilities and giving unfavorable implications as to its sources of financing; that they sent representatives to its premises in an effort to divert and disrupt the operations of Mayvin and its employees; and that in order to stifle competition and eliminate Mayvin as a viable competitor suit was filed in an effort to erode Mayvin's financial position by causing it to lose the time needed to contact potential customers for the calculated

purpose of driving it out of business.

Under the standards set out in Restatement, Torts, § 768 and adopted by both appellate courts, these alleged acts do not constitute tortious interference with contractual relations of employment. *Orkin Exterminating Co. v. Martin Co.,* 240 Ga. 662 (242 SE2d 135) (1978). It has long been recognized "that fair competition is always legal, that an employee after leaving employment may, so long as he does not use the other man's trade secrets, avail himself of whatever expertise he has acquired from his former employer, may compete for the same customer dollar, and may even go to customers whom he procured for the former employer and endeavor to persuade them to change their trade to his advantage. [Cit.]" *Architectural Mfg. Co. v. Airotec, Inc.,* 119 Ga. App. 245, 249 (1) (166 SE2d 744) (1969).

Nager and Mayvin have not established "a plan or scheme of such intensity or effect as to interfere with [Mayvin's] livelihood, seriously damage that company's ability to function, or cause a breach of employment contract," and Lad 'n Dad are thus protected by the privilege of fair competition and freedom of speech. *Orkin Exterminating Co. v. Martin Co.,* 240 Ga. 662, 666, supra. Accordingly, summary judgment was properly granted to Lad 'n Dad on the counterclaim.

2. Summary judgment was granted on the counterclaim on April 24, 1978, and Nager and Mayvin filed a notice of appeal from that order on May 24. On June 2 Lad 'n Dad filed a notice of cross appeal, enumerating as error the order granting summary judgment on its complaint in Nager and Mayvin's favor, also entered on April 24. Nager's motion to dismiss the cross appeal was granted August 16, and the appeal in No. 56931 ensued.

We agree that Lad 'n Dad's cross appeal was erroneously dismissed. While it could have filed a separate appeal from the grant of summary judgment against it within 30 days after entry of the judgment, it was not required to do so under the Appellate Practice Act. Code Ann. § 6-803 (a), which sets forth the procedure for the filing of appeals, also provides that "In civil cases, the appellee may institute cross-appeal by filing notice thereof within 15 days from service of the notice of appeal

by appellant, *and the appellee may present for adjudication on the cross-appeal all errors or ruling adversely affecting him, and in no case shall the appellee be required to institute an independent appeal."* (Emphasis supplied.)

Lad 'n Dad's cross appeal was timely filed, and the court's order granting summary judgment in Nager and Mayvin's favor against its complaint was one adversely affecting it. The statute expressly declares that an appellee may raise " *all* errors or rulings" on cross appeal, and it need not be grounded upon the same ruling as the main appeal. See *Burroughs Corp. v. Outside Carpets, Inc.,* 127 Ga. App. 622 (194 SE2d 487) (1972). Further, Code Ann. § 6-701 (b) states that " *all* judgments, rulings or orders" raised on appeal which may affect the proceedings below "shall be reviewed and determined by the appellate court." (Emphasis supplied.) Therefore, all relevant issues are automatically raised by the main appeal. The interpretation urged by Nager would compel each party in every case in which two appealable orders or judgments were entered to file a notice of appeal merely to preserve its rights, and is clearly contrary to the intention of the legislature in enacting the above provisions.

3. Having ruled that dismissal of Lad 'n Dad's cross appeal was erroneous, we have consolidated its appeal from the order of dismissal with Nager's appeal in order to consider both records on the merits of the summary judgment appeals, since both cases involve similar issues of law and joint determination would be the most expeditious and efficient manner of resolution. We conclude that the undisputed facts, established for the most part by Nager's own testimony, made out a prima facie case for recovery for the intentional solicitation and hiring of a substantial percentage of Lad 'n Dad's key employees, and that the grant of summary judgment against Lad 'n Dad was therefore improper.

Malicious and intentional interference by a third party with employment relationships between others is tortious, even if the employment is terminable at will. Code § 105-1207; *Architectural Mfg. Co. v. Airotec, Inc.,* 119 Ga. App. 245, 248, supra. "It is actionable maliciously or without justifiable cause to induce one to break his

contract with another to the damage of the latter. [Cits.] The theory of this doctrine is that the parties to a contract have a property right therein, which a third person has no more right maliciously to deprive them of, or injure them in, than he would have to injure their property. Such an injury amounts to a tort for which the injured party may seek compensation by an action in tort for damages. . .

"[T]he term 'malicious' or 'maliciously' means any unauthorized interference, or any interference without legal justification or excuse. Personal ill will or animosity is not essential." *Luke v. DuPree,* 158 Ga. 590, 595 (124 SE 13) (1924); *Wiley v. Ga. Power Co.,* 134 Ga. App. 187, 190 (3) (213 SE2d 550) (1975); Aetna Life Ins. Co. v. Harley, 365 FSupp. 1210, 1214 (N.D. Ga. 1973).

The Supreme Court in the *Orkin* case, 240 Ga. 662, supra, approved this court's decision in *Architectural Mfg. Co. v. Airotec, Inc.,* 119 Ga. App. 245, supra, thereby reaffirming a right of action where there is sufficient evidence of conduct which violates the privilege of fair competition. Here, as in *Airotec,* Nager and other Mayvin employees admitted conduct which could be found to violate those standards: they solicited a substantial proportion of Lad 'n Dad's sales force and were successful in hiring several of his top salesmen; the solicitation was solely from Lad 'n Dad's current and former employees and not from any other company; all of Mayvin's employees are former Lad 'n Dad employees; Nager possessed and utilized confidential information in his solicitation; and secret solicitations were made by innuendo, misrepresentations as to Lad 'n Dad's financial solvency and defamation of its officers' competence. We are not prepared to hold that this evidence demanded judgment in Lad 'n Dad's favor, there being some material questions of fact, but it clearly presents a jury question. Consequently, the trial judge erred in granting summary judgment to Nager and Mayvin on the main complaint.

*Judgment affirmed in No. 56833, reversed in No. 56931. Quillian, P. J., and McMurray, J., concur.*

ARGUED NOVEMBER 6, 1978 — DECIDED NOVEMBER 22, 1978 — REHEARING DENIED DECEMBER 7, 1978 —

*Lokey & Bowden, Gerald F. Handley, Robert P. Bleiberg,* for appellants.

*King & Spalding, H. Lamar Mixson, Charles M. Shaffer, Jr.,* for appellee.