## 56899. BLACK et al. v. COTTON STATES INSURANCE COMPANY et al.

McMurray, Judge.

An automobile collision occurred involving three automobiles in Catoosa County, Georgia.

Dykes, Ellison and Bently were traveling in a southerly direction along a highway in an automobile owned and operated by Dykes when another vehicle driven by Howard and owned by Espy approached from the south, veered to the left and struck the vehicle of Dykes. At the same moment a vehicle driven by Dennis Oliver Black, owned by his father, Thomas Oliver Black, was proceeding south and allegedly was following too close to the vehicle driven by Dykes.

The vehicle of Black allegedly struck the vehicle of Dykes in the rear at the same time that the collision occurred between the Espy and Dykes vehicles. The Espy vehicle was insured by Hanover Insurance Company. The Black vehicle was insured by Shield Insurance Company, an affiliate of Cotton States Insurance Company.

Dykes, Ellison and Bently as plaintiffs sued Howard, Espy, Dennis Oliver Black and Thomas Oliver Black as defendants. Howard and Espy answered this complaint filed by Dykes, Ellison and Bently. However, no answer was interposed on behalf of the Blacks. Howard and Espy effected a settlement with two of the tort-plaintiffs (Dykes and Ellison) in the amount of $7,000 by a covenant not to sue, and a dismissal with prejudice occurred as to Howard and Espy.

On September 12, 1974, the tort-plaintiffs then proceeded to judgment against the Blacks in the sum of $14,000 by way of default and an execution was issued thereon.

Thereupon the Blacks (Thomas Oliver Black, individually and as next friend and father of Dennis Oliver Black, a minor) proceeded in equity to sue all concerned named as defendants in a complaint in six separate counts. They sought to set aside the judgment obtained against them, an injunction restraining and enjoining the enforcement by the defendants Dykes, Ellison and Bently of the judgment; and contribution and

indemnification from Hanover Insurance Company and the defendants Howard and Espy. They prayed also that the Department of Public Safety and Colonel J. Herman Cofer, Commissioner, and his agents and employees be restrained and enjoined from enforcing the driver's license suspension and motor vehicle registration suspension pending a final determination of the instant case. They also sought judgment against defendants Andrews and Springfield, the two insurance agents of Cotton States Insurance Company (Shield Insurance Company) upon the contract of insurance in the sum of $14,000 principal, together with reasonable attorney fees and for negligence of said defendants seeking damages in the sum of $25,000, and punitive damages against them for $500,000; and for such other and further relief as the court deemed proper.

The Blacks contend that upon receipt of the tort complaint of Dykes, Ellison and Bently they delivered the same to H. R. Andrews, d/b/a Andrews Insurance Agency, an alleged agent of Shield Insurance Company. Whereupon Andrews advised them he was terminating his insurance agency business and the Blacks should take the tort complaint to Tom Springfield, d/b/a Springfield Insurance Agency, also an alleged agent of Shield Insurance Company, and same was taken to Springfield. The Blacks further contend that the first knowledge they had that Shield Insurance Company (referred to here as Cotton States Insurance Company) had not interposed a defense on their behalf was when an agent of the Department of Public Safety of the State of Georgia attempted to obtain physical possession of the Blacks' Georgia driver's licenses pursuant to the Georgia Motor Vehicle Safety Responsibility Act.

Discussing the counts separately, Count 1 was to set aside the judgment of the tort-plaintiffs, contending the same was void because Dennis Oliver Black was a minor and no guardian ad litem had been appointed in the case. This count alleged that neither had been properly summoned or served; that process was invalid; and both were entitled to the protection of the Soldiers' and Sailors' Relief Act since the minor was in service. Further, the covenant not to sue without giving prior notice of

settlement as required by Code Ann. § 56-408.1 (Ga. L. 1963, p. 643) was equivalent to a release, and the dismissal of the tort-plaintiffs' action against the defendants Howard and Espy with prejudice enured to the benefit of these plaintiffs (in the case sub judice) as a matter of law.

Count 2 sought to enjoin the driver's license suspension by the Department of Public Safety.

As an alternative to Count 1, Count 3 was for contribution and indemnification against the defendants Hanover Insurance Company, Howard and Espy. Alternatively to Count 1, Count 4 was for credit against the judgment of $7,000 for the sums paid by the defendants Hanover Insurance Company, Howard and Espy. Count 5 sought judgment against the defendants Shield Insurance Company (Cotton States Insurance Company), Springfield and Andrews in the sum of $14,000, as well as attorney fees incurred in the prosecution of the plaintiffs' claim for breach of insurance contract and negligence in failing to defend. Count 6 sought contribution "together with other actual charges in the total sum of" $25,000 from Shield Insurance Company (Cotton States Insurance Company), Springfield and Andrews, as well as $500,000 punitive damages for their gross negligence in failing to defend.

Defenses were interposed by all defendants, including Georgia Farm Bureau Insurance Company, a third party defendant joined by defendant Shield Insurance Company asserting it had coverage rather than Shield.

Motions for summary judgment were then filed by all defendants and also by the plaintiffs. Plaintiffs' joint motion for summary judgment was sustained as to paragraph 5, Count 1 for the reason that the covenant not to sue executed by the tort-plaintiffs Dykes and Ellison in favor of Howard, Espy and Hanover Insurance Company on August 1, 1974, constituted a bar to the further assertions and actions by the defendants Dykes and Ellison of claims against plaintiffs Thomas Oliver Black and Dennis Oliver Black. The court also ordered stricken as null and void the judgments in favor of Dykes in the

amount of $2,000 and in favor of Ellison in the sum of $12,000. The clerk of Superior Court of Catoosa County was ordered to cancel such judgments and mark same void, based upon the cases of *Spearman v. Southeastern Hwy. Contracting Co.,* 125 Ga. App. 85 (186 SE2d 484), s.c. 126 Ga. App. 549 (191 SE2d 351); and *Scarbrough v. Andrews Motor Co.,* 121 Ga. App. 29 (172 SE2d 451) and cits. The court also held that the receipt and release dated August 15, 1974 by Ellison as guardian of Frankie Marie Bently, a minor, constituted a release of the Blacks. All other grounds of plaintiffs' joint motion for summary judgment were denied and dismissed as moot.

The trial court also sustained the motion for summary judgment filed by Hanover Insurance Company, Espy and Howard and sustained the motion for summary judgment filed by Shield Insurance Company, Andrews and Springfield. It likewise held the relief sought against Ellison, Dykes and Bently was moot.

On August 18, 1978, Andrews and Springfield filed their notice of appeal. It was subsequently dismissed (dated August 24, 1978 as the date of service), but filed on August 28, 1978. However, on August 25, 1978, the plaintiffs Black prepared a notice of cross appeal which was filed on August 28, 1978. On August 29, 1978, the cross appellants amended same (which was filed on August 30, 1978) showing that the defendants-appellants (Andrews and Springfield) had dismissed their notice of appeal, and the cross appeal had become a direct appeal. *Held:*

1. Defendants Andrews and Springfield have now moved that the appeal be dismissed since it was filed more than 30 days after final judgment. Ordinarily, under Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077) a notice of appeal must be filed within 30 days after entry of the appealable decision (in the case sub judice filed on July 28, 1978). The dismissed appeal of Springfield and Andrews had been filed on August 18, 1978, within 25 days. Cross appeal was then filed on August 28, 1978, "within 15 days from service of the notice of appeal" (shown by the certificate of service as occurring on August 14, 1978, when in fact, the notice of appeal was not filed until August 18, 1978). The dismissal

of the main appeal was filed on August 28, 1978, reciting that notice of same had occurred on August 24, 1978. The record thus shows that the cross appeal was filed the same day as the dismissal of the main appeal. Consequently, it was within the required time under Code Ann. § 6-803, supra, even though as a direct appeal it was filed more than 30 days after the final judgment. The motion to dismiss the appeal is denied. Dismissal of the main appeal does not affect the validity of the cross appeal "where notice therefor has been filed within the time required for cross-appeals." Code Ann. § 6-809 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624). See *Burroughs Corp. v. Outside Carpets, Inc.,* 127 Ga. App. 622 (1) (194 SE2d 487); *Nager v. Lad 'N Dad Slacks,* 148 Ga. App. 401 (2).

2. The court properly declared the judgments null and void. See *Maryland Cas. Co. v. Lanham,* 124 Ga. 859 (1), 860 (53 SE 395); *Burnett v. Summerlin,* 110 Ga. 349, 350-351 (1), (2) (35 SE 655); *Outlaw v. Outlaw,* 121 Ga. App. 284 (4), 286 (173 SE2d 459). The result of the granting of plaintiffs' motion for summary judgment, not appealed and now final is a final declaration that the judgments are null and void. The summary judgment also shows the resulting dismissal by the original tort-plaintiffs of some of the defendants released all, including the Blacks (plaintiffs herein). *City of Buford v. Hosch,* 104 Ga. App. 615 (122 SE2d 287); *Boner v. Soltero,* 110 Ga. App. 517, 518 (1) (139 SE2d 162). The covenant not to sue as to the two adult tort-plaintiffs, and the receipt and release by the duly appointed guardian of the tort-plaintiff minor results in the complete eradication of any judgments against the plaintiffs in the case sub judice. Counts 1, 2, 3, 4, 5 and part of Count 6 (as to the damages resulting from judgments of Dykes and Ellison), as well as prayers B, C, D, E, F and part of G (as to the void judgments of Dykes and Ellison) are no longer in the case.

3. But plaintiffs also sued for "other actual charges" (other than the judgment declared null and void which are no longer in the case), they allegedly suffered, and for punitive damages arising out of the alleged ordinary and gross negligence of the defendants Andrews, Springfield and Shield Insurance Company. This part of the action

remains in the case, and the trial court erred in sustaining their motions for summary judgment and in dismissing plaintiffs' case as to them as being moot. See *Harper v. DeFreitas,* 117 Ga. App. 236 (1), 238 (160 SE2d 260); *Ghitter v. Edge,* 118 Ga. App. 750 (165 SE2d 598); *Tri-City Sanitation, Inc. v. Action Sanitation Service, Inc.,* 227 Ga. 489 (181 SE2d 377).

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED JANUARY 25, 1979 — REHEARING DENIED FEBRUARY 15, 1979 —

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Warren N. Coppedge, Jr.,* for appellants.

*N. Forrest Montet, Frank M. Gleason, D. L. Lomenick, Jr., Dennis Watson,* for appellees.