A91A0642. ROME INDUSTRIES, INC. v. McBRIDE.

(405 SE2d 329)

McMURRAY, Presiding Judge.

This complicated commercial litigation began when plaintiff Tow Tractors, Inc., filed an action against defendants Rome Industries, Inc., and Wyman-Gordon Company. Defendants answered and defendant Rome Industries, Inc., also filed its counterclaim against plaintiff, and against McBride, Powell, and Jonsson as defendants in counterclaim. This appeal is concerned only with the counterclaim against McBride. Defendant Rome Industries, Inc., appeals the grant of summary judgment in favor of defendant in counterclaim McBride. *Held:*

The counterclaim of defendant Rome Industries, Inc., against McBride is predicated on two theories. First, Rome Industries, Inc., alleges tortious interference with fiduciary duty in that McBride and another owner of an interest in Tow Tractors, Inc., induced Williamson, president of Rome Industries, Inc., to engage in a course of conduct designed to benefit and improve the financial condition of Tow Tractors, Inc., at the expense of Rome Industries, Inc. Furthermore, Rome Industries, Inc., alleges a conspiracy including McBride and others to commit a breach of fiduciary duty. Rome Industries, Inc., contends that the culmination of the conspirators' plan was that they would acquire ownership of Tow Tractors, Inc., upon favorable terms.

The testimony of the alleged conspirators consistently denies any participation by McBride in any plan, whether lawful or unlawful, to acquire ownership (or in the case of McBride, a larger share of ownership) in Tow Tractors, Inc. While Rome Industries, Inc., relies primarily upon notes and letters by Kirby, a consultant employed by Williamson and Rome Industries, Inc., and while the documents created by Kirby suggest participation by McBride in a plan involving

Kirby and others, Kirby testified that they were the product of his speculation and were not based on any actual commitment by McBride. McBride's testimony reveals that he did not regard communications concerning plans to acquire Tow Tractors, Inc., as serious proposals and in a conversation with Kirby and Williamson, McBride stated he had no interest in a proposal that the three of them acquire Tow Tractors, Inc. Furthermore, there is no evidence that McBride himself induced any unlawful activities or design on the part of anyone, or had any knowledge of such activities by others. The superior court did not err in granting a summary judgment in favor of McBride and against Rome Industries, Inc. *McElroy v. Wilson*, 143 Ga. App. 893, 895 (2) (240 SE2d 155).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 3, 1991.

*Troutman, Sanders, Lockerman & Ashmore, June Ann Kirkland, James A. Lamberth*, for appellant.

*Alagia, Day, Marshall, Mintmire & Chauvin, A. Keith Logue, Andrew J. Ekonomou, Thomas J. Cullen*, for appellee.

*Robert N. Powell*, pro se.