A91A1758. ROME INDUSTRIES, INC. v. JONSSON et al.
(415 SE2d 651)

Pope, Judge.

Appellee Tow Tractors, Inc. ("TTI") filed suit against appellant Rome Industries, Inc. ("Rome"), for breach of contract and other claims arising out of a series of business transactions between the par-

ties. Rome filed a counterclaim against TTI and added appellee Lars Jonsson and two other individuals as defendants to the counterclaim. In addition to praying for money due on account, the counterclaim alleged the defendants-in-counterclaim were liable for tortious interference with the fiduciary relationship between Rome and its president by inducing Rome's president to breach his fiduciary duty to the corporation. The counterclaim also alleged the parties were liable for conspiracy to induce the president to breach his fiduciary duty. The trial court granted summary judgment to appellees on the ground that these allegations do not state a claim under Georgia law.[1] Rome appeals.

1. We have found no cases in Georgia involving a claim against a third party for tortious interference with the fiduciary relationship between a corporation and its officer. But see *Nationwide Advertising Svc. v. Thompson Recruitment Advertising*, 183 Ga. App. 678 (359 SE2d 737) (1987) (in which the plaintiff corporation alleged tortious interference with its proprietary, property, fiduciary and business rights for the defendant's alleged hiring away of an employee, but this court affirmed summary judgment to the defendant on the ground that no material issue of fact was presented by the evidence). To determine whether a recovery may be had on such a claim it is necessary to analyze the claim further. "It is settled law that corporate officers and directors occupy a fiduciary relationship to the corporation and its shareholders, and are held to the standard of utmost good faith and loyalty. [Cit.]" *Quinn v. Cardiovascular Physicians*, 254 Ga. 216, 217 (2) (326 SE2d 460) (1985). See also OCGA § 14-2-842. The fiduciary relationship between a corporation and its officer arises out of the contractual or employment relationship between the two parties. Georgia has long recognized the tort of wrongful interference with employment relationships. See, e.g., *West Va. Glass &c. Co. v. Guice & Walshe, Inc.*, 170 Ga. App. 556 (317 SE2d 592) (1984); *Nager v. Lad 'N Dad Slacks*, 148 Ga. App. 401 (251 SE2d 330) (1978). As noted in *Nager*, supra, this right of action is based on the statute imposing liability in tort on one who procures another to commit a tortious act or to breach a contract, OCGA § 51-12-30. Id. at (3).

Usually, such actions arise from the alleged inducement of an employee to break his contract with the employer and to go to work for another. We see no reason, however, why liability must be limited to cases involving a total breach of the employment contract. " '(T)he tort of the interference with contractual relations is not limited to the

---

[1] In a previous appearance of this case this court affirmed the grant of summary judgment to one of the other defendants-in-counterclaim on the ground that the evidence showed the defendant did not participate in the allegedly tortious activity. *Rome Indus. v. McBride*, 199 Ga. App. 510 (405 SE2d 329) (1991).

procurement of a breach of contract . . . (O)ne under a duty to render a performance has a property interest in the contract in that he has the right to render the required performance free from unjustified and unprivileged intentional invasions that retard performance or make the performance more difficult or expensive. Interference of that type constitutes an actionable tort which embraces within its scope all intentional invasions of contractual relations, including any act . . . interfering with the performance itself, regardless of whether breach of contract is induced. . . .' [Cit.]" *Perry & Co. v. New South Ins. &c.*, 182 Ga. App. 84, 89 (4) (354 SE2d 852) (1987). Tortious interference with employment relationships may include not only inducing an employee to breach his contract with the employer but also inducing the employee to breach a duty owed to the employer. In this case, Rome alleged appellees induced one of its officers to breach his fiduciary duty to Rome. In essence, the claim is one for tortious interference with contractual rights. The trial court erred in granting summary judgment to appellees on the ground the allegation fails to state a claim.

2. Summary judgment was properly granted, however, on that count of the counterclaim alleging appellees were liable for conspiracy to induce Rome's officer to breach his fiduciary duty. " 'The averment of a conspiracy in the declaration does not ordinarily change the nature of the action nor add to its legal force or effect. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done wrongfully. . . .' [Cit.]" *Kem Mfg. Corp. v. Sant*, 182 Ga. App. 135, 143 (7c) (355 SE2d 437) (1987). "The trial court properly granted summary judgment on the conspiracy [count of the counterclaim] because [this count] is merely a restatement of the [claim set forth in the tortious interference count] described above." *U3S Corp. of Amer. v. Parker*, 202 Ga. App. 374, 379 (414 SE2d 513) (1991).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 17, 1992 —
RECONSIDERATION DENIED FEBRUARY 5, 1992 —

*Troutman, Sanders, Lockerman & Ashmore, June Ann Sanders, James A. Lamberth, Mark S. Vanderbroek*, for appellant.

*Alagia, Day, Marshall, Mintmire & Chauvin, A. Keith Logue, Andrew J. Ekonomou, Thomas J. Mullen, Kirby G. Atkinson*, for appellees.